■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT SANZA, Also Known as THOMAS JAMES, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 17, 1970, convicting him of resisting arrest, upon a jury verdict, and sentencing him to a term of one year. Judgment reversed, on the law, and new trial granted. We are of the opinion that it was prejudicial error for the trial court to permit cross-examination of defendant as to prior criminal acts, for the purpose of impeaching his credibility, without ascertaining whether the prosecutor had a reasonable basis for his questions and was therefore acting in good faith (*People* v. *Sorge,* 301 N. Y. 198; *People* v. *Alamo,* 23 N Y 2d 630). Two of the questions concerned charges which had been dismissed by the committing Magistrate and were improper since such dismissals bespeak the absence of a reasonable basis for believing the truth of the charges (cf. *People* v. *Santiago,* 15 N Y 2d 640; *People* v. *Alamo, supra*; Code Crim. Pro., § 207). The third question was improper since it dealt with a juvenile delinquency adjudication (*People* v. *Sarra,* 283 App. Div. 876, affd. 308 N. Y. 302). It was also error for the court to refuse to charge the jury on the defense of justification. Where the evidence adduced at the trial permits the inference that the defendant was the victim of an unprovoked police assault or of the use of excessive physical force to effectuate an arrest, he is entitled to a charge that reasonable acts of self-defense are justifiable. In the case at bar this rule applies to both the charge of assault in the second degree and to the charge of resisting arrest, despite section 35.27 of the Penal

Law. The purpose of that section is merely to prevent combat arising out of a dispute over the validity of an arrest and does not prevent an individual from protecting himself from an unjustified beating. Munder, Acting P. J., Martuscello, Latham, Gulotta and Benjamin, JJ., concur.