THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES CARNEGLIA, Also Known as CHARLES CORNEGLIA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 1, 1977, convicting him of resisting arrest, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. As a result of an altercation in a Queens diner at 3:00 A.M. on February 10, 1975 between defendant and Albert Gelb, a court officer, the former was

indicted for the crimes of criminal possession of a weapon in the third degree (Penal Law, § 265.02, subd [4]), and resisting arrest (Penal Law, § 205.30). Gelb was not in uniform at the time of the altercation. The defendant was acquitted of the possession charge but convicted of resisting arrest. The statute under which defendant was convicted (Penal Law, § 205.30), entitled "Resisting arrest", provides as follows: "A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a peace officer from effecting *an authorized arrest* of himself or another person." (Emphasis supplied.) During its deliberations the jury requested the Trial Judge for a definition of "resisting arrest". After giving a supplemental charge as requested, the Trial Judge, *sua sponte,* recalled the jury and erroneously read to it the provisions of section 35.27 of the Penal Law, which is entitled *"Justification; use of physical force in resisting arrest prohibited"* (euphemistically labeled "the no-sock law"), to wit: "A person may not use physical force to resist an arrest, *whether authorized or unauthorized,* which is being effected or attempted by a peace officer when it would reasonably appear that the latter is a peace officer." (Emphasis supplied.) Since it is manifest that the substantive crime of resisting arrest clearly requires that the arrest be authorized, it was prejudicial error for the trial court to invoke the provisions of the "no-sock law" for purposes of defining the term "resisting arrest". Such law merely inhibits a defendant from invoking the defense of justification in the use of physical force (see *People v Ailey,* 76 Misc 2d 589); it does not expand the scope of the crime of resisting arrest. However, in giving such charge under the circumstances herein, the trial court in effect instructed the jury that defendant could be convicted of resisting arrest even if his arrest was unauthorized. We are also of the opinion that the trial court erred in refusing to charge the jury on the defense of justification. Where the evidence adduced at the trial permits the inference that the defendant was the victim of an unprovoked police assault by the use of excessive physical force in effectuating an arrest, he is entitled to a charge that reasonable acts of self-defense are justifiable *(People v Sanza,* 37 AD2d 632). In this instance testimony was elicited from the cashier of the diner from which an inference could be drawn that Gelb may have mistakenly ascribed to defendant a personal and disparaging remark which in fact was uttered by a third party, and that Gelb, overreacting to the remark, unjustifiably accosted the defendant. Mollen, P. J., Hopkins, Titone and Shapiro, JJ., concur.