OPINION OF THE COURT
Anthony F. Bonadio, J.
In this proceeding the petitioner seeks an order declaring the respondent to be a juvenile delinquent pursuant to article 7 of the Family Court Act.
This matter was heard by the court in a fact-finding hearing on November 28, 1979. As a result of the testimony presented at that hearing, this court finds that there is little, if any, dispute as to the factual allegations of the petition. The testimony presented indicates that on September 30, 1979, Sergeant Anthony Scachetti of the Rochester Police Department responded to the scene of a reported act of criminal mischief. Upon his arrival an officer already on the scene advised him that the victim of the criminal mischief had advised him that the respondent was the person responsible for the acts and further advised Sergeant Scachetti that the victim did not wish to press any charges against the respondent. Sergeant Scachetti, who knew the respondent from prior contacts with her, testified that it was his opinion that at this time the respondent was under the influence of either alcohol or drugs. As a result of this, and as a result of her alleged involvement in the criminal mischief, Sergeant Scachetti decided that he was going to take the respondent home to discuss her conduct with her parents. It was Sergeant Scachetti’s testimony that as of this time he had no plans to make an arrest on any charges.
While the respondent was being placed in Sergeant Scachetti’s vehicle, she bit Sergeant Scachetti on the right arm. As a result of this action, the petitioner seeks an order adjudicating the respondent to be a juvenile delinquent as a result of conduct which, if done by an adult, would constitute the crime of assault in the second degree. At the conclusion of petitioner’s testimony at the fact-finding hearing, the respondent, through her Law Guardian, moved for a dismissal of the petition.
Before a determination of this motion can be made, this court must first address the circumstances surrounding Sergeant Scachetti’s attempt to put the respondent into his car and the propriety of this action under the Family Court Act.
*936 Section 721 of the Family Court Act provides that a peace officer may take a juvenile into custody in those cases where he may arrest for a crime under CPL article 140.
Sergeant Scachetti has testified that when he was placing the respondent into his police vehicle, he had determined that no arrest would be made for the alleged act of criminal mischief. The court is also mindful of the fact that even if the respondent were, as Sergeant Scachetti suspected, intoxicated, such condition would not constitute a crime for which Sergeant Scachetti could make an arrest.
Therefore, this court determines, that the attempt to place the respondent in the police car, was not a duty of the type that is authorized under the Family Court Act.
Accordingly, this court finds that the instant petition does not provide sufficient proof to adjudicate the respondent guilty of conduct which would constitute a violation of subdivision 3 of section 120.05 of the Penal Law, assault in the second degree, causing injury to a peace officer with intent to prevent him from performing a lawful duty. A lesser included offense of subdivision 3 of section 120.05 is assault in the third degree which is intentionally causing an injury to another person. In support of this charge, the petitioner argues that the respondent was not justified in her use of any force in resisting Sergeant Scachetti’s attempt to place her into his police vehicle. This position is based on section 35.27 of the Penal Law which prohibits the use of force to resist arrest, whether authorized or unauthorized.
The court is mindful, however, of Sergeant Scachetti’s testimony that at this time he did not intend to make an arrest, but only intended to discuss the respondent’s conduct with her parents. Additionally, it has been held that the purpose of section 35.27 of the Penal Law is to prevent combat arising out of a dispute over the validity of an arrest and is not designed to prevent an individual from protecting himself from an unjustified beating (People v Sanza, 37 AD2d 632), and if excessive force is used at the time of an arrest, a person is entitled to reasonable acts of self-defense (People v Carneglia, 63 AD2d 734).
This court therefore concludes that section 35.27 of the Penal Law was intended to take effect only in those cases where the police officer involved had effectuated a valid arrest and was not designed to prohibit totally, any resistance at any *937 time to a police officer. Therefore, the court finds that petitioner’s reliance on section 35.27 of the Penal Law is misplaced.
The sole remaining question is whether or not the respondent’s conduct exceeded reasonable acts of self-defense. Sergeant Scachetti has testified that he grabbed the respondent around both her waist and upper chest in attempts to place her in his car, and he has further testified that while he had grabbed the respondent in this fashion, the other officer on the scene had grabbed the respondent’s feet. In response the respondent inflicted a bite, which, admittedly, did not break the skin. This court finds that such an act is a reasonable act of self-defense under the circumstances, and accordingly, the petition is dismissed.