■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARD A. COLLE-SIDES, Appellant. — Appeal from a judgment of the County Court of Greene County, rendered November 20, 1979, upon a verdict convicting defendant of disorderly conduct, resisting arrest and assault in the second degree. Following an incident which occurred on the night of April 20, 1979 at a residence on Second Street in the Village of Athens, New York, defendant was arrested and subsequently indicted for assault in the second degree, a class D felony (Penal Law, § 120.05, subd 3), resisting arrest, a class A misdemeanor (Penal Law, § 205.30) and disorderly conduct, a violation (Penal Law, § 240.20, subd 6). He was thereafter convicted by jury verdict and sentenced on all three counts, and this appeal ensued. We find that defendant's convictions on all three counts must be reversed because of errors in the court's charge to the jury. Initially, with respect to the disorderly conduct count, defendant was specifically charged in the indictment with congregating with other persons in a public place with intent to cause public inconvenience, annoyance or alarm and then refusing to comply with a lawful order of the State Police to disperse. Nonetheless, in its charge, the court instructed the jury that defendant could be found guilty of disorderly conduct if it concluded that defendant acted with intent or recklessly created the risk of public inconvenience, annoyance or alarm. By injecting the element of recklessness the court obviously expanded and changed the theories of the prosecution as reflected in the evidence before the Grand Jury, and such a charge clearly contravened the intent of CPL 200.70 and prejudiced defendant (cf. *People v Isaacs,* 43 AD2d 656). Accordingly, the disorderly conduct conviction cannot be sustained. As for the remaining two counts, the court erred when it denied defendant's request for a charge of justification as a defense, i.e., if the police officer used excessive force in arresting defendant, then defendant was justified in defending himself. Upon the present record, there was evidence from which it could be inferred that excessive physical force was used by the police in effectuating defendant's arrest, and, accordingly, defendant was entitled to the requested charge (cf. *People v Sanza,* 37 AD2d 632). In sum, while there was sufficient evidence

presented to support the challenged convictions, the cited errors in the court's charge to the jury mandate a reversal of the convictions and a new trial. Judgment reversed, on the law, and matter remitted to County Court for a new trial. Kane, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.