■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFRAIN RUIZ, Appellant. — Appeal, by defendant, from a judgment of the Supreme Court, Kings County (Kay, J.), rendered June 22, 1981, convicting him of robbery in the second degree, criminal possession of stolen property in the third degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by vacating the conviction for assault in the second degree, and the sentence imposed thereon. As so modified, judgment affirmed and new trial ordered as to said charge. It was error for the trial court to refuse to charge the jury on the defense of justification. In determining whether a justification defense, or any defense for that matter, is available to a defendant the evidence must be viewed in the light most favorable to the accused. If the evidence viewed in such light supports the defense, the court must, when requested, instruct the jury as to the defense. Failure to do so is reversible error (see *People v Watts,* 57 NY2d 299; *People v Huntley,* 87 AD2d 488). As this court has previously stated: "Where the evidence adduced at the trial permits the inference that the defendant was the victim of an unprovoked police assault or of the use of excessive physical force to effectuate an arrest, he is entitled to a charge that reasonable acts of self-defense are justifiable"

(*People v Sanza,* 37 AD2d 632; see *People v Collesides,* 79 AD2d 1063; *People v Carneglia,* 63 AD2d 734). In this instance, defendant testified that after running from the scene of a robbery, in which he claimed he did not participate, he was stopped by two police officers who struck him with nightsticks knocking him to the ground. The officer who had been chasing him then arrived and started to hit defendant with the butt of his gun. It was at this time, and not before, that defendant hit the officer in the eye. The officer conceded that he struck defendant's head six or seven times with his gun. Under this view of the evidence, defendant was merely protecting himself from an unjustified beating. Hence, a justification charge was required (see *People v Sanza, supra*). We have reviewed defendant's other contentions and find that they lack merit. Titone, J. P., Lazer and Boyers, JJ., concur.

Weinstein, J., concurs in part and dissents in part, with the following memorandum: In my view, the trial court did not err in failing to charge justification inasmuch as there is no reasonable view of the evidence from which the jury could have concluded that defendant "was the victim of an unprovoked police assault or of the use of excessive physical force to effectuate an arrest" (*People v Sanza,* 37 AD2d 632). The People's version of the incident is that an altercation between defendant and the police officer who had pursued him from the scene of the robbery developed as a result of defendant's unlawful attempt to resist arrest. Two officers on patrol initially observed a car parked outside a liquor store. The vehicle was improperly parked diagonally into a traffic lane. When the officers motioned for the driver to pull the car closer to the curb he responded by moving the car erratically and looking nervously into the liquor store. The officers observed two men in the liquor store and thereupon exited their vehicle with their guns drawn. The store owner, by pantomiming the use of a gun, communicated to one of the officers that he was being robbed. As the two males exited the liquor store, one of the officers ordered them to raise their hands. One of them stopped but defendant fled with the other officer in pursuit. Notwithstanding his denial of complicity it is undisputed that defendant ran away from the scene of the robbery. Nor is it disputed that when the officer caught up with defendant a struggle ensued, during which the officer was struck in the ribs and the eye. The officer admitted striking defendant's head six or seven times with his gun before being able to subdue him. Defendant's version is that he was driving with some friends when one of them stopped off to buy a bottle of liquor while he went into a candy store for some cigarettes. A few seconds later, he heard shots and saw one of his friends running. Not knowing what had transpired, defendant began to run also. He was pursued by the police, knocked to the ground and hit numerous times with the butt of an officer's gun. Defendant claims to have struck the officer at that point merely to defend himself. The evidence does not support the claim that the arresting officer acted unreasonably in subduing defendant. Pursuant to section 35.30 (subd 1, par [a], cl [i]) of the Penal Law a police officer is permitted to use physical force against an individual where he reasonably believes such individual was committing a felony involving the use, attempted use or threatened imminent use of physical force against another. The circumstances of the instant case clearly establish the existence of such a belief on the part of the arresting officer. Moreover, defendant was not justified in attempting to thwart the lawful performance of a police officer's duty, resulting in physical injury to that officer. Section 35.27 of the Penal Law prohibits the use of physical force to resist arrest, whether authorized or unauthorized, when the arrest is being attempted by a police office or peace officer when it would reasonably appear that the arresting individual is a police officer or peace officer. At bar, there was no evidence whatsoever that defendant, at any time prior to being handcuffed, submitted to the authority of

the arresting officer. Since there is no basis on the record to conclude that the requisite elements of a justification defense were present, the trial court was under no obligation to submit a justification charge to the jury (*People v Watts,* 57 NY2d 299, 301). Accordingly, I conclude that the jury properly found defendant guilty of the crime of assault in the second degree and vote to affirm the judgment in its entirety.