■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO ACEVEDO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered April 21, 1977, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant contends that the court erred in refusing his request to instruct the jury as to the defense of justification. We disagree. In determining whether a justification charge is warranted, the evidence at trial must be viewed in the light most favorable to the defendant, and if that evidence sufficiently supports the asserted defense the court should instruct the jury as to that defense and must do so upon request *(People v Watts,* 57 NY2d 299, 301; *People v Ruiz,* 96 AD2d 845). However, when no reasonable view of the evidence would

support a finding of justification, then the court is under no obligation to submit the question to the jury *(People v Watts, supra; People v Alston,* 104 AD2d 653, 654). The trial court correctly determined that there was in fact no reasonable view of the evidence to support the defendant's claim that he was justified in shooting Carlos Bonilla four times.

After the trial had commenced, the defendant jumped bail and fled the jurisdiction. The trial was thereafter continued in his absence, with the court correctly instructing the jury with respect to the defendant's failure to appear. The defendant now maintains that he did not receive sufficient warning that the trial would continue in his absence if he did not appear on the scheduled dates. Without regard to trial counsel's failure to object to continuation of the trial in his client's absence, we note that the Court of Appeals has in any event foreclosed a claim of this nature *(see, People v Sanchez,* 65 NY2d 436, 443-444). We have reviewed the defendant's other contentions and find them to be without merit. Mangano, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.