■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON MASTEN, Appellant. [611 NYS2d 728] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was convicted of one count of assault in the first degree (Penal Law §§ 20.00, 120.10 [1]). At trial, defendant admitted that he punched the victim once, knocking him to the ground, but maintained that he did so in self-defense after the victim swung a stick at him. Other witnesses testified that defendant's attack occurred in the midst of nothing more than an argument.

Supreme Court erred in refusing to instruct the jury on the defense of justification *(see,* Penal Law § 35.15 [1]). "[I]n considering whether the trial court's charge to the jury was adequate, the record must be considered most favorably to defendant * * * [I]f on any reasonable view of the evidence, the fact finder might have decided that defendant's actions were justified, the failure to charge the defense constitutes reversible error" *(People v Padgett,* 60 NY2d 142, 144-145). Although a number of witnesses testified to the contrary, defendant testified to a version of events that, if believed, would have supported a finding that his actions were justified *(see, People v McManus,* 67 NY2d 541, 549; *People v Padgett, supra).*

In view of our determination, we do not reach defendant's remaining contentions. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Assault, 1st Degree.) Present —Pine, J. P., Balio, Lawton, Davis and Boehm, JJ.