■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL MITCHELL, Appellant. [627 NYS2d 771] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered May 19, 1993, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On August 3, 1992, at approximately 10:00 P.M., while traveling in a car in Brooklyn, the defendant shot and killed Felix Soto and dumped his body in a parking lot. The defendant confessed in a written statement and on videotape that he shot Soto three times, twice in the head and once in the chest, after Soto demanded that he return his gun, poked him, tried to grab his gun, and punched him in the face. The defendant contends that the court erred in refusing to charge the jury that he was justified in using deadly physical force against Soto. We disagree.

To establish entitlement to a justification charge, there must be evidence that the defendant reasonably believed that another person was using or about to use deadly physical force against him or that he reasonably believed that the victim was committing or attempting to commit, *inter alia,* a robbery *(see,* Penal Law § 35.15). The court instructed the jury on the use of

deadly force to resist deadly force, but refused to give a charge regarding the justified use of force to resist force in the course of an attempted robbery.

When evidence at trial, viewed in the light most favorable to the accused, sufficiently supports a claimed defense such as justification, the court should instruct the jury as to the defense and must do so upon request (*see, People v Odinga,* 143 AD2d 202, 203-204). However, "when no reasonable view of the evidence would support a finding of justification, then the court is under no obligation to submit the question to the jury" *(People v Acevedo,* 117 AD2d 813, 813-814). On the record before us, no reasonable view of the evidence would support a finding that the defendant reasonably believed Soto was committing or attempting to commit robbery.

Contrary to the defendant's contention, the court did not err in refusing to charge the jury on the lesser included offense of manslaughter in the second degree. A defendant is entitled to a charge on a lesser included offense if (1) it is theoretically impossible to commit the greater crime without, by the same conduct, committing the lesser crime and (2) a reasonable view of the evidence would support a finding that the defendant committed the lesser offense and not the greater *(see, People v Glover,* 57 NY2d 61, 63). Although the first prong of the test was satisfied, no reasonable view of the evidence at trial would support a finding that the defendant acted other than intentionally. The defendant shot Soto three times at close range, and all three shots hit vital organs. Viewing the evidence in the light most favorable to the defendant *(see, People v Martin,* 59 NY2d 704, 705), it does not support the conclusion that the defendant was merely reckless and did not intend to seriously injure Soto or cause his death.

Finally, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Balletta, J. P., Miller, Santucci and Altman, JJ., concur.