■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SMITH, Appellant. [878 NYS2d 49]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered June 9, 2006, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of three years, unanimously reversed, on the law, and the matter remanded for a new trial.

Although it admirably devoted a great deal of time to considering this very close question, the court should have instructed the jury as to justification. That defense was supported by a reasonable view of the evidence, viewed in the light most favorable to defendant. We note that defendant's contention that there were two separate incidents is extraordinarily unlikely. Nevertheless, it would not have been entirely implausible for the jury to find that there were two separate encounters, that in the second of the two encounters, the complainant bus driver was the aggressor, that defendant's actions in rolling around with the complainant on the ground caused the complainant's

injuries, and that defendant's actions were justified. The fact that defendant testified that he did not kick or punch the complainant while they rolled on the ground does not alone preclude a justification instruction, since the evidence, viewed as a whole, supported such an instruction (*see People v Suarez*, 148 AD2d 367, 368-369 [1989]; *People v Ingrassia*, 118 AD2d 587, 588 [1986]). To accept a justification defense, the jury would not have been required to speculate as to a scenario not supported by any testimony.

We note that defendant's conviction cannot stand based solely on the fact that defendant struck the complainant while he was still on the bus. That blow to the face does not appear, on this record, to have resulted in the physical injury required to sustain the People's burden (*see* Penal Law § 120.05 [11]; § 10.00 [9]; *see also People v McDowell*, 28 NY2d 373 [1971] [incidental reference to an injury without development of its appearance or seriousness not sufficient to sustain conviction]).

Finally, the identification testimony at issue on this appeal did not require CPL 710.30 (1) (b) notice (*see People v Burgos*, 219 AD2d 504 [1995], *lv denied* 86 NY2d 872 [1995]). Concur—Tom, J.P., Mazzarelli, Nardelli, Catterson and Moskowitz, JJ.