■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL IRVING, Appellant. [15 NYS3d 62]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered November 15, 2012, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

On February 4, 2011, the victim, who was a carpenter employed by the defendant's landlord, was found stabbed to death in the house in which the defendant rented a room. The defendant was charged with his murder and, after a jury trial, was convicted of murder in the second degree.

At trial, the defendant testified that the victim came to the house to retrieve his tools and to collect money from him. According to the defendant, the victim said that the landlord owed him money and had told him to collect it from the de-

fendant, who allegedly owed money to the landlord. The defendant testified that after he denied owing any money to the landlord, the victim threatened "to beat [him] to get it" and said that he would not leave until the defendant gave him the money. The defendant claimed that he stabbed the victim when the victim hit him in the face with keys, because he "was scared to death" and thought that the victim was "going to beat [him] up and rob [him]."

On appeal, the defendant contends in his main brief and his pro se supplemental brief that the Supreme Court erred in denying his request for a charge regarding the justified use of deadly physical force to defend against the use of physical force in the course of an attempted robbery (*see* Penal Law § 35.15 [2] [b]; *People v McTiernan*, 119 AD3d 465, 467-468 [2014]; *People v Mitchell*, 216 AD2d 331, 331 [1995]; *People v Fuller*, 74 AD2d 879 [1980]). We agree.

" 'A trial court must charge the jury with respect to the defense of justification whenever, viewing the record in the light most favorable to the defendant, there is any reasonable view of the evidence which would permit the jury to conclude that the defendant's conduct was justified' " (*People v Zayas*, 88 AD3d 918, 920 [2011], quoting *People v Fermin*, 36 AD3d 934, 935 [2007]; *see People v Petty*, 7 NY3d 277, 284 [2006]; *People v Mitchell*, 216 AD2d at 331). Here, there was a reasonable view of the evidence to support the defendant's request for a justification charge pursuant to Penal Law § 35.15 (2) (b). Viewing the evidence in the light most favorable to the defendant, the jury reasonably could have concluded that the defendant reasonably believed that the use of deadly force was necessary to prevent the victim from robbing him (*see* Penal Law § 35.15 [2] [b]; *People v Huntley*, 87 AD2d 488, 494 [1982], *affd* 59 NY2d 868 [1983]; *People v Davis*, 74 AD2d 607, 608-609 [1980]; *see also* Penal Law § 160.00; *People v Pagan*, 19 NY3d 91, 96 [2012]; *People v Green*, 5 NY3d 538, 543-544 [2005]). Contrary to the People's contention, it would not have been irrational for the jury to credit the defendant's account of the incident (*see People v Smith*, 62 AD3d 411, 411-412 [2009]). Accordingly, the Supreme Court erred in denying the defendant's request for a justification charge pursuant to Penal Law § 35.15 (2) (b). The error in failing to give the requested justification charge was not harmless, as it cannot be said that there was no significant probability that the verdict would have been different absent this error (*see People v King*, 115 AD3d 873, 875 [2014]; *People v Slide*, 76 AD3d 1106, 1110-1111 [2010]; *see also People v Locicero*, 87 AD3d 1163, 1164-1165 [2011]).

Since there must be a new trial, we note that, although the issue is unpreserved for appellate review, the defendant correctly contends that certain comments in the prosecutors summation were improper. The prosecutor denigrated the defense by characterizing the defendant as a "methodical" liar who made up a "story," "a cliffhanger," and "a show" (*see People v Mehmood*, 112 AD3d 850, 853 [2013]; *People v Anderson*, 83 AD3d 854, 856-857 [2011]; *People v Morrice*, 61 AD3d 1390, 1392 [2009]). In addition, she repeatedly vouched for the strength of the People's case (*see People v Marcus*, 101 AD3d 1046, 1048 [2012]; *People v Rivera*, 116 AD2d 371, 375 [1986]). Moreover, the prosecutor asked the jury to draw a conclusion concerning the victim's actions at the time of the stabbing which was not fairly inferable from the evidence (*see generally People v Ashwal*, 39 NY2d 105, 109-110 [1976]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, either are without merit or need not be reached in light of our determination. Skelos, J.P., Hall, Roman and Duffy, JJ., concur.