People v Brown (2019 NY Slip Op 01023)





People v Brown


2019 NY Slip Op 01023


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, CURRAN, AND TROUTMAN, JJ.


1129 KA 16-02112

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TOMMY LEE BROWN, DEFENDANT-APPELLANT. 






ANDREW G. MORABITO, EAST ROCHESTER, FOR DEFENDANT-APPELLANT. 
BARRY L. PORSCH, DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT. 


 Appeal from a judgment of the Seneca County Court (W. Patrick Falvey, A.J.), rendered February 18, 2016. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and promoting prison contraband in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of assault in the second degree under count five of the indictment and as modified the judgment is affirmed and a new trial is granted on that count.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the second degree (Penal Law
§ 120.05 [7]) and promoting prison contraband in the first degree
(§ 205.25 [2]). The charges relate to an altercation that occurred while defendant was incarcerated, during which he allegedly assaulted a correction officer (subject correction officer) who was, together with other correction officers, attempting to prevent defendant from harming himself. With respect to the assault count, the People alleged that defendant stabbed the subject correction officer in the arm with a state-issued pen and, with respect to the promoting prison contraband count, they alleged that he was in possession of a "hand crafted cutting instrument."
We agree with defendant that County Court erred in refusing to charge the jury on the defense of justification with respect to the assault count. In determining whether a justification instruction is required, the court must view the evidence in the light most favorable to defendant (see People v McManus, 67 NY2d 541, 549 [1986]; People v Gentile, 23 AD3d 1075, 1075 [4th Dept 2005], lv denied 6 NY3d 813 [2006]) and, "if on any reasonable view of the evidence, the fact finder might have decided that defendant's actions were justified, the failure to charge the defense constitutes reversible error" (People v Padgett, 60 NY2d 142, 145 [1983]; see McManus, 67 NY2d at 549; People v Masten, 203 AD2d 956, 956 [4th Dept 1994]).
A defendant is justified in "us[ing] physical force upon another person when and to the extent he or she reasonably believes such to be necessary to defend himself, herself or a third person from what he or she reasonably believes to be the use or imminent use of unlawful physical force by such other person" (Penal Law § 35.15 [1]). When physical force is used on a law enforcement agent, a justification charge is warranted "[w]here the evidence adduced at the trial permits the inference that the defendant was the victim of an unprovoked police assault or of the use of excessive physical force" (People v Sanza, 37 AD2d 632, 632 [2d Dept 1971]; see People v Ruiz, 96 AD2d 845, 845-846 [2d Dept 1983]).
Here, defendant testified at trial that the altercation was an unprovoked attack by a number of correction officers in retaliation for earlier grievances he had lodged against prison staff. Defendant testified that he felt "trapped" by the attack and started biting another correction officer in self-defense. Correction officers who witnessed the altercation testified that the two officers involved in the altercation were engaged in a prolonged "struggle" with defendant, [*2]during which the three men "wrestl[ed] pretty hard." Although defendant denied causing the injuries of the subject correction officer, that officer testified that defendant did cause his injuries.
Contrary to the People's contention, defendant was entitled to a justification charge, even though at trial he denied assaulting the subject correction officer, and argued that the People failed to prove that he possessed the pen used to injure the subject correction officer. "[A] defendant's entitlement to a charge on a claimed defense is not defeated solely by reason of its inconsistency with some other defense raised or even with the defendant's outright denial that he was involved in the crime" (People v Butts, 72 NY2d 746, 748 [1988]). Rather, "[a] jury may believe portions of both the defense and prosecution evidence . . . and still find . . . that defendant acted justifiably" (People v Steele, 26 NY2d 526, 529 [1970], citing People v Asan, 22 NY2d 526, 530 [1968]; see People v Zona, 14 NY3d 488, 493 [2010]). Here, viewing the evidence in the light most favorable to defendant, there was a "reasonable view of the evidence . . . that, if believed, would have supported a finding that [defendant's] actions were justified" (Masten, 203 AD2d at 956). We therefore conclude that the court should have charged the jury on the defense of justification with respect to the assault count. Because we reject defendant's further contentions that the conviction of assault in the second degree is not supported by legally sufficient evidence and that the verdict with respect to that count is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]), defendant is entitled only to a new trial on that count, rather than dismissal thereof (see generally CPL 470.20 [5]). We therefore modify the judgment accordingly.
Defendant's contention that the conviction of promoting prison contraband in the first degree is not supported by legally sufficient evidence is unpreserved for our review (see generally People v Gray, 86 NY2d 10, 19 [1995]). We also reject his contention that the verdict with respect to that crime is against the weight of the evidence. The People presented testimony from several correction officers establishing that a translucent plastic ring and a can lid with tape and gauze attached to it were recovered from defendant's cell, defendant was making a slashing motion at his wrist prior to the officers entering the cell, and he threw something to the ground as officers entered the cell. Viewing the evidence in light of the elements of promoting prison contraband in the first degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), and according great deference to the factfinder's resolution of credibility issues (see People v Harris, 15 AD3d 966, 967 [4th Dept 2005], lv denied 4 NY3d 831 [2005]), we conclude that the verdict on that count is supported by the weight of the credible evidence.
We further reject defendant's contention that he was denied effective assistance of counsel. The record shows that defense counsel generally provided meaningful representation by examining and cross-examining witnesses, giving a coherent opening statement and summation, moving for a mistrial, and presenting a reasonable trial strategy (see generally People v Baldi, 54 NY2d 137, 151 [1981]). Contrary to defendant's claim, counsel sought and received a Sandoval ruling. Additionally, to the extent that defendant contends that counsel was ineffective for failing to challenge a prospective juror, that contention lacks merit inasmuch as defendant "failed to show the absence of a strategic explanation for defense counsel's failure to challenge th[at] prospective juror[]" (People v Irvin, 111 AD3d 1294, 1296 [4th Dept 2013], lv denied 24 NY3d 1044 [2014], reconsideration denied 26 NY3d 930 [2015] [internal quotation marks omitted]; see also People v Barboni, 21 NY3d 393, 405-407 [2013]). To the extent that defendant contends that defense counsel was ineffective for failing to investigate potential impeachment evidence, that contention also lacks merit (see People v Watkins, 77 AD3d 1403, 1404-1405 [4th Dept 2010], lv denied 15 NY3d 956 [2010]; see generally People v Garcia, 62 AD3d 507, 508 [1st Dept 2009], lv denied 13 NY3d 835 [2009]).
Finally, defendant did not preserve for our review his further contentions that he was denied due process and a fair trial by the court's failure to conduct an inquiry or issue a curative instruction with respect to defendant's legs being shackled at trial and to issue a curative instruction regarding his appearance in a prison uniform (see People v German, 145 AD3d 1550, 1551 [4th Dept 2016], lv denied 28 NY3d 1184 [2017]; People v Jones, 111 AD3d 1148, 1148 [3d Dept 2013], lv denied 23 NY3d 1063 [2014], reconsideration denied 24 NY3d 1044 [2014]; see generally CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court