■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR LARRABEE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of escape in the first degree (Penal Law § 205.15 [1]) and sentenced as a second felony offender to 3½ to 7 years' imprisonment. Among the several grounds for reversal urged on appeal, defendant claims that it was error for the court to deny defense counsel's motion for a mistrial after counsel advised that defendant may have been seen in handcuffs by members of the jury panel. It was not error to deny a mistrial since the jury's view of defendant in handcuffs was apparently inadvertent and brief (see, People v Harper, 47 NY2d 857, 858). Moreover, there was no prejudice to defendant in the circumstances of this escape prosecution since the jury was necessarily acquainted with the fact that defendant had a criminal record and previously had been in jail. For the same reasons, it was not error for the court to fail to give a curative instruction to the jury, particularly since none was requested.

Additionally, there is no merit to defendant's contention that the court failed to entertain the defense of justification. That defense is available only where the criminal act is an "emergency measure to avoid an imminent public or private injury which is about to occur" (Penal Law § 35.05 [2]; see, People v Brown, 68 AD2d 503). Defendant's offer of proof failed to meet that standard. The acts of arson and assault which defendant cited either did not involve him or occurred after

his escape. Defendant thus failed to satisfy the requirement that the threat be "imminent" or that the injury be "about to occur" *(People v Brown, supra,* at 512).

Finally, we conclude that defendant was properly sentenced as a second felony offender. Based on the minutes of a 1977 plea to attempted assault in the second degree, on the testimony of plea counsel and that of the Assistant District Attorney, the prosecution established that defendant knowingly and voluntarily waived his trial rights and pleaded guilty. The court thus properly found the earlier conviction to be valid and correctly determined defendant to be a second felony offender. We have considered the other issues raised by defendant and find them lacking in merit. (Appeal from judgment of Jefferson County Court, Aylward, J.—escape, first degree.) Present—Dillon, P. J., Denman, Balio, Lawton and Davis, JJ.