(July 19, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID K. WONG, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Clinton County (Lewis, J.), rendered August 24, 1987, upon a verdict convicting defendant of the crime of murder in the second degree.

On March 12, 1986, an inmate at Clinton Correctional Facility in Clinton County was fatally stabbed. Defendant, who was also an inmate at the facility, was indicted for the murder. At trial, a correction officer assigned to an 80-foot-high watchtower to watch the inmates while they were in the facility's north yard during their recreation period testified that he saw defendant approach the victim from behind and strike him in the back of the neck. When the victim fell to the ground, the officer raised his binoculars and thereafter kept defendant continuously in sight. Two inmates who were present in the recreation yard when the victim was stabbed also testified. One inmate, called as the People's witness, stated that he saw defendant hit the victim; the other inmate, a close friend of defendant, claimed that defendant merely witnessed the stabbing. Defendant testified that he was present in the yard, but denied committing the crime. The jury returned a guilty verdict and defendant was sentenced to an indeterminate term of imprisonment of 25 years to life, to run consecutive to the prison sentence he was then serving. On appeal,

defendant argues that his procedural due process rights were violated, that various judicial and prosecutorial errors deprived him of a fair trial, that the evidence adduced at trial is legally insufficient to support his conviction and that he received ineffective legal assistance from his counsel. We affirm the conviction.

The People's failure to notify defendant of the Grand Jury proceeding against him did not violate defendant's due process rights *(see,* CPL 190.50 [5]) for that proceeding was initiated by an indictment, not by a felony complaint *(see, People v Anderson,* 127 AD2d 885, 886; *see generally,* Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 190.50, at 278-279). As defendant was not being detained pending resolution of a felony complaint, he had no right to any such notice *(see, People v Grey,* 150 AD2d 823, 824, *lv denied* 74 NY2d 810).

Nor was defendant deprived of a fair trial because two jurors might have viewed him in handcuffs, he was not afforded a *Wade* hearing and pretrial identification notice was not provided. Inasmuch as the record fails to establish that the two individuals who saw defendant in handcuffs were in fact members of the jury, County Court's general curative instructions neutralized any prejudice which may have occurred against defendant. In any event, assuming that these individuals were jurors, it is well settled that the brief, inadvertent viewing of a defendant in shackles does not render the trial unfair when appropriate curative instructions are provided *(see, People v Harper,* 47 NY2d 857, 858; *People v Cornwell,* 160 AD2d 1175, 1176). Moreover, it is difficult to conceive how this incident could have been the source of any appreciable harm to defendant's cause given that the jury was necessarily aware that he was already incarcerated *(see, People v Larrabee,* 134 AD2d 855, *lv denied* 71 NY2d 898; *People v Vivenzio,* 103 AD2d 1044, 1045).

The failure of County Court to conduct a *Wade* hearing to determine whether a police-arranged pretrial identification procedure was unduly suggestive *(see, People v Chipp,* 75 NY2d 327, 337) was not error. In this case, the correction officer viewed a photo array after the crime was committed for the purpose of confirming that the individual who he had witnessed commit the crime was indeed the person being detained. A *Wade* hearing was accordingly unnecessary *(see, People v Francis,* 139 AD2d 527, 528, *lv denied* 72 NY2d 859; *People v Cuevas,* 133 AD2d 504, 505, *lv denied* 70 NY2d 930; *People v Stanton,* 108 AD2d 688, 689).

Nor was pretrial notice required to be furnished pursuant to CPL 710.30 *(see, People v Duffy,* 152 AD2d 704). This statute was enacted to safeguard defendants from witnesses' in-court identifications which are based upon suggestive and misleading pretrial identification lineups, showups and photographic arrays *(see, People v Gissendanner,* 48 NY2d 543, 552). Notice is unnecessary when, as here, the viewing is merely to confirm an identification rather than to establish the identity of the person *(see, People v Morales,* 37 NY2d 262, 271-272; *see, e.g., People v Welker,* 150 AD2d 515, 517, *lv denied* 74 NY2d 853).

Reading the record in the light most favorable to the People *(see, People v Way,* 59 NY2d 361, 365), the evidence is legally sufficient to support defendant's conviction. Defendant's challenges to the credibility of the People's eyewitnesses notwithstanding, the evidence sufficiently demonstrates that defendant intended and did cause the death of another *(see,* Penal Law § 125.25 [1]).

Finally, County Court did not deprive defendant's counsel of an opportunity to develop a defense when it refused to disclose three questions presented to the court by the jury during the beginning of the People's case. CPL 310.30 vests the trial court with discretion to answer questions raised by a jury "[a]t any time *during its deliberation"* (emphasis supplied). The statute was inapplicable here, however, for the trial was still in its infancy. The questions could yet have been, and in fact two of them—an inquiry as to the height of the watchtower manned by the correction officer and a request to have a diagram of the prison yard—were, resolved as the trial progressed.

Defendant's ineffective assistance of counsel argument, advanced in his *pro se* brief, mistakenly equates the right to meaningful representation with a guarantee of errorless advocacy; there is no such right *(see generally, People v LaBree,* 34 NY2d 257, 260-261). Furthermore, the contention that his legal representation was ineffective is patently without basis in the record.

Judgment affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.