■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES NEAL, Also Known as JAY NÉAL, Appellant. [678 NYS2d 556] —Judgment unanimously modified on the law and as modified affirmed and new trial granted on count one of the indictment in accordance with the following Memorandum: Supreme Court erred in denying defendant's request for a charge on the defense of justification. Viewing the record in the light most favorable to defendant, we conclude that the evidence supports the defense (*see, People v McManus*, 67 NY2d 541, 545-547; *People v Padgett*, 60 NY2d 142, 144-145). The testimony of defendant that the injury to the victim was unintended does not defeat his entitlement to the charge (*see, People v Padgett, supra*, at 146; *People v Scott*, 224 AD2d 926, 926-927; *People v Jeffries*, 166 AD2d 665, 665-666, *lv denied* 77 NY2d 962). Based upon defendant's version of the events, the jury could have reasonably found that the victim and his brother were the initial aggressors and that the actions of defendant were justified, even though the resulting injury was unintended (*see, People v Scott, supra*, at 927). We therefore modify the judgment by reversing the conviction of assault in the second degree and vacating the sentence imposed thereon, and we grant a new trial on count one of the indictment.

Defendant failed to preserve for our review his contention

that the evidence is insufficient to support his conviction of the second count, criminal trespass in the third degree (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We reject defendant's contention that the verdict on the second count is contrary to the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). We conclude that defendant's remaining contention is lacking in merit. (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Assault, 2nd Degree.) Present—Green, J. P., Lawton, Callahan, Boehm and Fallon, JJ.