■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID K. WONG, Appellant. [682 NYS2d 689] —Yesawich Jr., J. Appeal, by permission, from an order of the County Court of Clinton County (McGill, J.), entered October 2, 1997, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of murder in the second degree, without a hearing.

After a fellow inmate at Clinton Correctional Facility in Clinton County was fatally stabbed in the prison recreation yard, defendant was indicted for, and ultimately convicted of, murder in the second degree. His conviction was upheld on appeal (163 AD2d 738, *lv denied* 76 NY2d 992) and a subsequent application for a writ of error coram nobis, claiming ineffective assistance of appellate counsel, was denied by this Court. Defendant now seeks review of County Court's denial of his motion to vacate the judgment, pursuant to CPL 440.10, on four grounds: prosecutorial misconduct (specifically, the failure to turn over, as *Brady* material, a letter written by the District Attorney to the Parole Board noting the cooperation provided by an inmate who testified against defendant at trial); failure to furnish a competent and experienced interpreter, fluent in defendant's native Chinese dialect, during the pretrial proceedings and at trial; ineffective assistance of counsel (for, *inter alia*, failure to object to the court's appointment of an allegedly incompetent translator); and newly discovered evidence.

We affirm. Defendant's *Brady* challenge is unavailing, for even if the letter at issue is considered as evidence of an im-

plicit "agreement", whereby the inmate witness might have expected that he would receive favorable treatment by the Parole Board in exchange for, or as a result of, his testimony against defendant (*see, People v Cwikla*, 46 NY2d 434, 441), the salient facts—that a letter was written, informing the Parole Board of the witness's cooperation, that it was before the Parole Board when they considered his application and that he was thereafter paroled at the first opportunity—were known to defense counsel, who fully explored the matter during the witness's cross-examination and highlighted it in summation. The jury was thus fully apprised of all of the information relevant to a determination of the witness's credibility and potential motives for testifying in a manner favorable to the People. Moreover, the prosecutor at no time misrepresented the nature of the actions taken on the witness's behalf, nor did he—as defendant urges—allow such a misstatement by the witness to go uncorrected (*compare, People v Novoa*, 70 NY2d 490, 498; *People v Cwikla, supra*, at 442). In these circumstances, the mere fact that defendant was not provided with a copy of the actual letter received by the Parole Board, prior to trial, does not mandate reversal of his conviction (*see, People v Cortijo*, 70 NY2d 868, 870; *People v Tessitore*, 178 AD2d 763, 764, *lv denied* 79 NY2d 1008; *cf., People v Sibadan*, 240 AD2d 30, 35, *lv denied* 92 NY2d 861).

As for defendant's contentions that he was improperly denied the services of a competent interpreter at his arraignment or during the pretrial preparation period, and that the interpreter appointed for the trial was unsatisfactory due to her inexperience and inability to communicate in the particular dialects with which defendant was most familiar, his failure to raise these issues at any time during the trial, despite having been afforded numerous opportunities to do so, precludes their consideration at this juncture (*see*, CPL 440.10 [3] [a]; *People v Ramos*, 26 NY2d 272, 274; *People v Perez*, 198 AD2d 446, 447, *lv denied* 82 NY2d 929; *People v Hatzipavlou*, 175 AD2d 969, *lv denied* 79 NY2d 827). And, as County Court noted, defendant's related claim, that he received ineffective assistance of counsel because his trial attorneys failed to demand that the interpreter be replaced, is also unpersuasive, for it could have been—but was not—raised on his direct appeal or in the context of his CPL 330.30 motion to set aside the verdict (*see*, CPL 440.10 [2] [c]; [3] [b]). The remaining claims underlying defendant's ineffective assistance of counsel argument were either raised and rejected on his direct appeal (*see, People v Wong*, 163 AD2d 738, 740, *supra*) or could have been resolved in that context.

To support his claim that newly discovered evidence war-

rants a retrial of the indictment, defendant has proffered the affidavits of seven inmates, each of whom allegedly witnessed the stabbing, and avers that defendant was not the perpetrator. Given defendant's delay in bringing forth this evidence (six of the seven affidavits were obtained more than four years before defendant filed the instant motion), its cumulative nature (*see, People v Seneci*, 133 AD2d 432, 433, *lv denied* 70 NY2d 1011) and the absence of any convincing proof that it could not have been discovered prior to the trial, through the exercise of due diligence (*see*, CPL 440.10 [1] [g]), County Court cannot be faulted for rejecting it. In this regard, it bears noting that although defendant was segregated from the balance of the prison population, he was able, nevertheless, to provide his attorneys with sufficient information to locate and interview several other inmate witnesses, four of whom testified on defendant's behalf at trial. Hence, his complaint that his placement in the special housing unit, or the lack of a translator, prevented him from investigating and obtaining this evidence in a timely fashion is meritless.

Mikoll, J. P., Crew III, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed.