THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEOTIS MERCER, Appellant. [701 NYS2d 551] —Judgment unanimously reversed on the law and new trial granted. Memorandum: County Court erred in denying defendant's request to charge the defense of justification to the charges of escape in the second degree (Penal Law § 205.10 [2]) and criminal mischief in the fourth degree (Penal Law § 145.00 [1]). The People presented evidence that, after defendant was arrested on a parole revocation warrant and was being transported by parole officers to the Oneida County Jail, he kicked out the window of the vehicle, jumped out and ran away. Defendant

testified that, while he was being transported, the parole officers began to taunt him, and that, while they were stopped at a red light, one of the officers held him while the other punched him. He stated that he kicked out the window and escaped because he was being attacked and feared for his life.

Justification pursuant to Penal Law § 35.05 (2) may be asserted as a defense to a charge of escape (*see, People v Larrabee,* 134 AD2d 855, *lv denied* 71 NY2d 898), and, under the facts of this case, it may also be asserted as a defense to the charge of criminal mischief. Because the evidence, viewed in the light most favorable to defendant, reasonably supports the theory that defendant's conduct was justified, it was reversible error for the court to refuse to give the charge (*see, People v Maher,* 79 NY2d 978, 982; *People v Padgett,* 60 NY2d 142; *People v Watts,* 57 NY2d 299, 301; *People v Falk,* 185 AD2d 630, 631, *lv denied* 80 NY2d 929). In light of our determination, we do not reach defendant's remaining contention concerning the severity of the sentence. (Appeal from Judgment of Oneida County Court, Donalty, J.—Escape, 2nd Degree.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Callahan, JJ.