■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHEMAL GANT, Appellant. [725 NYS2d 299] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered March 24, 1997, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the fourth degree, and sentencing him to respective concurrent prison terms of 7½ to 15 years and 1 year, unanimously reversed, on the law, the sentences vacated and the matter remanded for a new trial.

The landlord victim, who lived on the second floor of the building, was beaten with a blunt instrument during a confrontation with defendant and his girlfriend, who shared a ground-floor apartment. The victim was found by police and emergency medical personnel, sitting over a pool of blood at the bottom of the stairway outside defendant's apartment, with the smell of alcohol on his breath. A serious head injury, including a fractured skull, was marked by a single laceration along the side of his head. The weapon used in the assault was never recovered.

There was testimony at trial as to animosity between the

victim and defendant and his girlfriend, the last claiming a history of harassment. The prosecution charged that defendant and his girlfriend were the aggressors. The prosecution's eyewitnesses (the victim and his son, the youth having viewed the scene from the stairwell on the second floor) both testified that the victim struggled with defendant and his girlfriend outside defendant's apartment, and even bit one of them on the finger. As the tenants returned to their apartment, the victim turned to go back upstairs, at which point defendant alone re-emerged from the apartment with a red-handled object that he used to strike the victim from behind, on the side of the head.

Defendant never took the witness stand. His girlfriend testified (after charges were dismissed against her at the close of the People's case) that *she* hit the inebriated victim over the head with a metal pipe *inside* the apartment only after he had entered uninvited, bitten both her and defendant, and then come at them with a knife. The victim then staggered out.

After summations, defendant asked for a charge of justification. The trial court denied the request, stating that self-defense had not been raised during trial, and in any event, only the girlfriend had testified, thus leaving the proof insufficient as to defendant's own state of mind with regard to justification for his actions. When defense counsel protested this ruling, arguing that the evidence obviated the necessity of a formal written request for such a charge, the trial court asked if counsel was suggesting a re-opening of the trial to present the justification defense (i.e., to give the prosecution an opportunity to rebut the defense), to which counsel gave an ambivalent response ("I don't see where that would be at all indicated * * * but if the Court felt that that was an appropriate") before being cut off by the court.

If the evidence, considered most favorably to the defendant, reasonably supports a defense of justification, the trial court must give such an instruction to the jury (*People v Padgett*, 60 NY2d 142, 144-145), even if the request comes after summations and the court's initial charge (CPL 300.10 [5]; *People v Khan*, 68 NY2d 921). The court's failure to do so would be reversible error (*People v Copeland*, 216 AD2d 55).

The medical evidence was uncontroverted that the victim suffered but a single blow to the head. Following the girlfriend's dismissal from the case, her testimony created an evidentiary basis for an argument that an assault committed inside the apartment would have been justified by both tenants, acting in self-defense. The court submitted the case to the jury on the indictment, which had charged both defendant and his

girlfriend as acting in concert. Since the jury's verdict of guilt could have rested upon an assault committed inside the apartment, the remaining defendant was entitled to a justification charge, as a matter of law. Concur—Rosenberger, J. P., Williams, Wallach, Saxe and Buckley, JJ.