■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD W. DILLON, Appellant. [863 NYS2d 265]—

Lahtinen, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered April 30, 2007, upon a verdict convicting defendant of the crime of criminal contempt in the first degree.

Defendant and the victim were long-time paramours who lived together off-and-on in a relationship marked by domestic violence. As a result of two episodes of domestic violence in late November 2005, an order of protection was issued and served upon defendant in December 2005 which, while not containing a stay away provision, directed defendant to refrain from, among other things, "assaultive or destructive conduct" toward the victim. Thereafter, defendant and the victim were involved in a physical scuffle during the early morning hours of February 26, 2006, which resulted in defendant being indicted for several crimes and ultimately convicted following a jury trial of criminal contempt in the first degree. Defendant appeals.

Defendant contends that County Court erred in denying his request for a jury charge on the defense of justification. The justification charge must be given when requested if there is a

reasonable view of the evidence, considered in the light most favorable to defendant, that would support a finding of justification (*see People v Petty*, 7 NY3d 277, 284 [2006]; *People v Padgett*, 60 NY2d 142, 144-145 [1983]). Evidence at trial established that, prior to the incident at the apartment, the victim had been drinking at a bar with friends and, when the bar closed, she left with her male and female companions intent on continuing an after-hours party. She described her condition as "wasted" and "drunk." She had the driver stop at her apartment where she planned to retrieve something and then return to the group in the car. Although she thought defendant was away, he was, in fact, at the apartment.

According to her initial testimony on direct examination at trial, upon encountering defendant, she did not want him to discover her male friend in the car, so she jumped on his back. She related that defendant "kinda threw me off of him" and that this resulted in her shoulder injury. Since she had presented a different version before the grand jury, County Court permitted the prosecutor to treat her as a hostile witness and he elicited through leading questions a different—although still somewhat ambiguous and clearly evasive—version of events.

One of defendant's primary theories at trial, which he asserted in his opening statement and during summation, was that the victim was the aggressor. He contended that he did not violate the protective order because she initiated physical contact by jumping on his back, and he then responded in a justified fashion under the circumstances by throwing her off his back. Since the victim's initial trial testimony was consistent with this theory and she did not thereafter recant or clearly explain it, there was a reasonable view of the evidence that the only physical force employed on that evening by defendant toward the victim was his effort to remove her from his back. As such, defendant's request for a justification charge should have been granted, and the failure to do so requires reversal and a new trial (*see People v Gant*, 282 AD2d 298, 299 [2001]; *People v Mercer*, 267 AD2d 1019, 1020 [1999]; *People v Ellis*, 233 AD2d 692, 693-694 [1996]).

The remaining arguments are academic.

Cardona, P.J., Mercure, Kane and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of St. Lawrence County for a new trial on count 1 of the indictment.