People v Rayford (2023 NY Slip Op 00786)

People v Rayford

2023 NY Slip Op 00786

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, BANNISTER, MONTOUR, AND OGDEN, JJ.

1025 KA 18-01923

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DONALD RAYFORD, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (TONYA PLANK OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered June 13, 2018. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and aggravated criminal contempt. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the first degree (Penal Law
§ 120.10 [1]) and aggravated criminal contempt (§ 215.52 [1]). The conviction arose from a late-night interaction between defendant and the complainant, defendant's former girlfriend who had an order of protection against defendant but nonetheless continued to socialize with him. During the interaction, which took place at the complainant's home, the complainant sustained two serious stab wounds from a knife. Defendant contends that Supreme Court committed reversible error in denying his requests to provide the jury with a justification charge because, contrary to the court's determination, such an instruction is available even where the defendant asserts that the injuries were inflicted accidentally during an act of self-defense and, here, a reasonable view of the evidence supported that instruction. We agree with defendant, and we therefore reverse the judgment and grant a new trial.
"The defense of justification (Penal Law art 35) affirmatively permits the use of force under certain circumstances" (People v McManus, 67 NY2d 541, 545 [1986]). "The defense does not operate to excuse a criminal act, nor does it negate a particular element of a crime. Rather, by recognizing the use of force to be privileged under certain circumstances, it renders such conduct entirely lawful" (id. at 546). "A trial court must charge the factfinder on the defense of justification 'whenever there is evidence to support it' . . . Viewing the record in the light most favorable to the defendant, a court must determine whether any reasonable view of the evidence would permit the factfinder to conclude that the defendant's conduct was justified. If such evidence is in the record, the court must provide an instruction on the defense" (People v Petty, 7 NY3d 277, 284 [2006], quoting McManus, 67 NY2d at 549).
Initially, as defendant correctly contends and the People effectively concede, the court erred in determining that a justification charge was unavailable "where there's either an accidental stabbing[ or] an unintentional stabbing" and in refusing to acknowledge the case law provided by defendant, which demonstrated that the court had misstated the law. It has long been settled law that "[a] defendant is entitled to a justification charge if there is some reasonable view of the evidence to support it, even if the defendant alleges that the victim's injuries were accidentally inflicted" (People v Liggins, 2 AD3d 1325, 1327 [4th Dept 2003]; see People v Khan, 68 NY2d 921, 922 [1986]; McManus, 67 NY2d at 547; People v Padgett, 60 NY2d 142, 145-146 [1983]). That is so because "the defense of justification applies fully to a defendant's [*2]risk-creating conduct, even though it had unintended consequences" (People v Magliato, 68 NY2d 24, 28 [1986]). Here, defendant's statements during his interview with a police investigator, an audio recording of which was introduced in evidence by the People, indicated that the stabbing injuries sustained by the complainant were the unintended result of defendant's defensive maneuvers. In particular, defendant asserted that the complainant, while intoxicated, confronted him with a knife and swung it at him, thereby prompting him to act defensively by twisting the complainant's arm behind her back with the knife still in her hand and pinning it against her. Contrary to the court's determination, defendant's statements "do[ ] not defeat his entitlement to a justification charge" (People v Scott, 224 AD2d 926, 926-927 [4th Dept 1996]; see People v Collier, 303 AD2d 1008, 1009 [4th Dept 2003], lv denied 100 NY2d 579 [2003]; People v Neal, 254 AD2d 752, 752 [4th Dept 1998]).
Next, viewing the record in the light most favorable to defendant, we conclude that, "[b]ased upon defendant's version of the events, the jury could have reasonably found that the [complainant was] the initial aggressor[] and that the actions of defendant [in twisting the complainant's arm behind her back and pinning the knife there] were justified, even though the resulting injur[ies were] unintended" (Neal, 254 AD2d at 752). In particular, although defendant initially denied involvement in the incident, upon prompting by the investigator to provide his truthful account, defendant recounted that the complainant was the initial aggressor insofar as she swung the knife at him when he returned upstairs from the basement of complainant's home and that, in response, he performed the aforementioned defensive maneuvers. Defendant maintained that he never had the knife in his hand during the incident and that, instead, he was just trying to protect himself (see People v Huntley, 87 AD2d 488, 494 [4th Dept 1982], affd 59 NY2d 868 [1983]; People v Sackey-El, 149 AD3d 1104, 1104-1105 [2d Dept 2017]; Scott, 224 AD2d at 926-927).
We agree with defendant that the People's counterarguments do not warrant a different conclusion. The People assert that, because defendant repeatedly denied causing any injury to the complainant, there was "no proof in the trial record of any nexus or causal connection between defendant's account of his actions and [the complainant's] injuries." We reject that assertion. While defendant initially denied any involvement in the incident, the interview clearly changed when the investigator suggested that other witnesses had placed defendant at the complainant's house and encouraged defendant to provide his truthful version of events. Defendant thereafter provided the narrative previously described, which accounted for the injuries to the complainant. Contrary to the People's suggestion, submission of the justification defense to the jury on the basis of defendant's statements would not have required the jury to engage in "selective dissection of the integrated testimony of a single witness as to whom credibility, or incredibility, could only be a constant factor" (People v Scarborough, 49 NY2d 364, 373 [1980]). The jury would simply have to believe, as the audio recording of the interview supports, that defendant was not being forthright when he initially denied involvement in the incident, but that he thereafter gave his truthful version of events in which the stabbing injuries to the complainant were an unintended result of his deliberate defensive maneuvers. Given that defendant's account of the incident was placed in evidence by the People, this is not a case in which submission of the justification defense "would have required the jury to speculate as to a sequence of events not supported by any of the testimony presented by either side" (People v Bryant, 306 AD2d 66, 66 [1st Dept 2003], lv denied 100 NY2d 618 [2003]).
The People also assert that the proof at trial "entirely contradicts" defendant's claim that the stabbing was accidental and that defendant's version of the incident does not rationally account for the complainant's wounds. We reject that assertion because defendant's description of the physical struggle could rationally account for the location of the complainant's wounds (cf. People v Frazier, 86 AD2d 557, 557-558 [1st Dept 1982], lv denied 56 NY2d 651 [1982]), and the jury would not have been required to disregard expert testimony to the effect that the wounds could not have been inflicted as defendant described because the People presented no such evidence (cf. People v Rivera, 23 NY3d 112, 124 [2014]). Moreover, contrary to the People's further assertion, when defendant's statements to the investigator are viewed in the appropriate light, a jury could have reasonably concluded that defendant, upon being confronted with the knife-wielding complainant as he returned upstairs from the basement, could not have safely retreated (see Sackey-El, 149 AD3d at 1105).
Finally, contrary to the People's assertion, the court's error in denying defendant's [*3]requests for a justification charge is not subject to harmless error analysis because where, as here, "on any reasonable view of the evidence, the fact finder might have decided that defendant's actions were justified, the failure to charge the defense constitutes reversible error" (Padgett, 60 NY2d at 145; see People v Brown, 33 NY3d 316, 321 [2019], rearg denied 33 NY3d 1136 [2019]; People v Watts, 57 NY2d 299, 301 [1982]). Defendant is therefore entitled to a new trial on assault in the first degree (Penal Law § 120.10 [1]) and aggravated criminal contempt (§ 215.52 [1]), each of which constitutes a "crime involving the use of force" (McManus, 67 NY2d at 549; see generally People v Dillon, 53 AD3d 692, 692-693 [3d Dept 2008], lv denied 11 NY3d 831 [2008]). In light of our determination, we do not address defendant's remaining contention.
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court