■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GONZALEZ, Appellant.—Judgment, Supreme Court, New York County (James J. Leff, J.), rendered April 20, 1987,

convicting defendant, after a jury trial, of attempted murder in the second degree, criminal possession of weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to concurrent indeterminate terms of imprisonment of from 20 years to life, eight years to life, and six years to life, respectively, unanimously affirmed.

Defendant has failed to demonstrate that trial counsel provided ineffective assistance of counsel. The failure to request a *Mapp* hearing in itself, does not constitute ineffectiveness *(People v Rivera,* 71 NY2d 705, 709), and given defendant's trial testimony that he had not been in the premises from which the weapons were recovered, we can only conclude that defendant lacked the requisite standing to move for suppression. The further claim, that trial counsel failed to object to testimony with respect to uncharged crimes, is without support in the record.

As defendant denied shooting the complainant, the trial court's failure to charge justification was not error, since no view of the evidence could support such a charge. *(Cf., People v Padgett,* 60 NY2d 142.) Indeed, trial counsel opposed any suggestion that a justification charge be given.

The evidence was legally sufficient. We find no reason to disturb the jury's determinations as to credibility *(People v Mosley,* 112 AD2d 812, *affd* 67 NY2d 985). We find no abuse of discretion in the sentence imposed and defendant's *pro se* claim of prosecutorial misconduct, to the extent preserved, is without merit. Concur—Ross, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.