10-3610-pr
Hubrecht v. Artus

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of January, two thousand twelve.

PRESENT: DENNIS JACOBS,
                            *Chief Judge,*
            RICHARD C. WESLEY,
            SUSAN L. CARNEY,
                            *Circuit Judges.*

─────────────────────────────

LOUIS HUBRECHT,

                            *Petitioner-Appellant,*

            -v.-                                          10-3610-pr

DALE ARTUS, Superintendent, Clinton Correctional Facility Dannemore, New York, ATTORNEY GENERAL OF NEW YORK STATE,

                            *Respondents-Appellees.*

─────────────────────────────

FOR PETITIONER:     STEPHANIE CARVLIN, New York, NY (Robert C. Gottlieb, New York, NY, *on the brief*).

FOR RESPONDENTS:    HILARY HASSLER, Assistant District Attorney (Eleanor J. Ostrow, Assistant District Attorney), *for* Cyrus R. Vance, Jr., District Attorney for New York County, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Holwell, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Petitioner-Appellant Louis Hubrecht appeals from an August 13, 2010 judgment of the United States District Court for the Southern District of New York (Holwell, *J.*), denying his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  Hubrecht challenges his conviction of Murder in the Second Degree, in violation of New York Penal Law § 125.25[1], following a jury trial in New York Supreme Court.  Hubrecht contends that his constitutional rights to a fair trial and to present a defense were violated on three grounds: (1) the trial court failed to charge the jury with a justification defense; (2) the trial court did not permit Hubrecht to introduce documentary evidence to support a justification defense; and (3) the trial court did not permit Hubrecht to introduce his statements that he had shot the victim in self-defense, while allowing the State to introduce testimony that, according to Hubrecht, falsely implied that he had made no statements to that effect.  We

assume the parties' familiarity with the underlying facts and procedural history of the case.

"We review a district court's decision to grant or deny a habeas petition *de novo* and its findings of fact for clear error." *Hemstreet v. Greiner*, 491 F.3d 84, 89 (2d Cir. 2007). This Court must resolve three questions in evaluating a habeas corpus claim arising from a state court's refusal to give a requested justification charge: "First, was [the defendant] entitled to a justification charge? Second, if so, did the failure to give one result in a denial of due process? Third, if so, did the state court's contrary conclusion constitute an unreasonable application of clear Supreme Court law?" *Jackson v. Edwards*, 404 F.3d 612, 621 (2d Cir. 2005).

This Court's role "is not to interpret New York's law of justification, but to determine whether the evidence was sufficient to warrant a justification charge under that law." *Davis v. Strack*, 270 F.3d 111, 124 n.4 (2d Cir. 2001). Under New York law, "[i]n order to be entitled to a justification instruction, a defendant must show both that he subjectively believed that deadly force was necessary under the circumstances and that a reasonable person in his

3

situation would have held this belief." *Blazic v. Henderson*, 900 F.2d 534, 540 (2d Cir. 1990) (citing *People v. Goetz*, 497 N.E.2d 41, 52 (N.Y. 1986)). Moreover, "[i]f a defendant who is confronted with deadly physical force knows he can retreat with complete safety but fails to do so, the justification defense is lost." *Jackson*, 404 F.3d at 623 (citing N.Y. Penal Law § 35.15(2)(a)).

A justification charge is warranted "if on any reasonable view of the evidence, the fact finder might have decided that defendant's actions were justified." *People v. Padgett*, 456 N.E.2d 795,797 (N.Y. 1983). "In determining whether the evidence warrants a justification charge, the reviewing court must view the record in the light most favorable to the defendant." *Jackson*, 404 F.3d at 622. But the "court is not required to adopt an artificial or irrational view of the evidence in deciding whether a justification charge is warranted." *Blazic*, 900 F.2d at 540.

Having carefully reviewed the record in the light most favorable to Hubrecht, we conclude that no reasonable view of the evidence supported a justification charge for substantially the same reasons stated by the district court

4

in its thorough and well-reasoned memorandum and order. Accordingly, Hubrecht's contention that the trial court's denial of his request for a justification charge violated his rights to a fair trial and to present a defense is without merit.

With respect to Hubrecht's remaining claims, although a defendant has the fundamental right to present evidence and call witnesses in his own defense, *see Chambers v. Mississippi*, 410 U.S. 284, 302 (1973), states are permitted "to exclude evidence through the application of evidentiary rules that themselves serve the interests of fairness and reliability—even if the defendant would prefer to see that evidence admitted," *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). An erroneous evidentiary ruling does not rise to the level of constitutional error unless "the omitted evidence [evaluated in the context of the entire record] creates a reasonable doubt that did not otherwise exist." *Jones v. Stinson*, 229 F.3d 112, 120 (2d Cir. 2000) (alteration in original) (internal quotation marks omitted).

We agree with the district court that the trial court's exclusion of the documents in the victim's luggage cart was not error, let alone error of a constitutional dimension,

because those documents were effectively irrelevant to Hubrecht's self-defense theory.  At most, the documents showed that the victim had a long-standing antagonistic relationship with Hubrecht.  But evidence of that non-violent relationship did not suggest that she was the initial aggressor on the morning of the shooting.  The trial court was within its discretion in excluding the documents as cumulative of other admissible evidence that had already established that the antagonistic relationship existed.

Finally, with respect to Hubrecht's last claim, we agree with the district court's reasoning in concluding that the manner in which the prosecutor examined three witnesses did not falsely imply that Hubrecht had not stated to anyone that he acted in self-defense.  In addition, we note that it was unlikely that the jury was left with the false impression that Hubrecht never asserted self-defense on the day of the shooting because defense counsel had elicited testimony from several officers establishing that they "heard something about self-defense" and knew that a hammer was involved when they arrived at the scene of the shooting. Because the prosecutor's questions were not misleading, there is no merit to Hubrecht's argument that his hearsay

claims of self-defense to the 911 operator and the officers at the precinct should have been admitted at trial to correct any alleged false impression.

We have considered Hubrecht's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```