OPINION OF THE COURT
Wachtler, J.
Defendant was convicted of one count of criminal mischief in the fourth degree (Penal Law, § 145.00, subd 1). The charge, along with several assault charges, arose out of a barroom incident during which defendant broke the glass in an emergency fire exit door. Defendant’s conviction was affirmed by the Appellate Term. The issue presented is whether defendant was entitled to a charge that the jury could find that his conduct was justified and therefore not criminal.
The owner of the bar in which the incident occurred testified that defendant and his two companions engaged in boisterous conduct and that eventually and as a result of that conduct the alarm on the emergency exit door of the bar was activated. When the owner reset the alarm, defendant laughed and triggered the alarm again. When the owner asked defendant what he was doing, defendant struck the door with his fist, shattering the glass. The charge of criminal mischief is based upon the damage to the door.
After the door was broken the owner went to call the police. As he attempted this, defendant and his companions began to leave by the front door. The owner went after them, asking who was going to pay for the broken glass in the door. An altercation ensued, involving the owner, his father (also a part owner), defendant and his friends, out of which the four assault counts against defendant arose. The bartender, two patrons and the owner’s father all testified in a manner corroborating the owner’s version of the incident.
*144 Defendant’s version is quite different. He testified that he and his friends were telling jokes and having a good time at the bar when they were informed by the bartender that their presence was no longer welcome. The trio attempted to leave by what turned out to be the emergency exit door. The alarm went off, causing the bar owner to verbally abuse the defendant. After he reset the alarm, the owner threatened defendant, who became frightened. Defendant, believing the owner was about to hit him, tried to exit through the emergency door. He pushed the frame of the door hard, and the glass shattered, but he stated that he neither pushed on nor punched the glass. An altercation ensued, joined in by others in the bar.
Defendant requested that the court charge the jury on the defense of justification as being applicable to the four assault charges as well as the criminal mischief charge. The trial court instructed the jury that justification was a defense to the assault charges, but refused such an instruction with regard to the charge of criminal mischief. The court stated that the defense of justification is not applicable to a charge of criminal mischief. Defendant was acquitted of the four assault charges, but convicted of criminal mischief.
An appeal to the Appellate Term resulted in affirmance. The majority held that although the justification defense might be applicable to a charge of criminal mischief, there was no reasonable view of the evidence in this case that would support it. Accordingly, the majority held that the failure to submit the question to the jury was not error. One Justice dissented, stating that, in his view, defendant’s testimony was sufficient to support the defense and that the defendant was therefore entitled to the charge of justification. We agree with the dissent and therefore reverse.
Initially, we note the well-settled principle that, in considering whether the trial court’s charge to the jury was adequate, the record must be considered most favorably to defendant (People v Watts, 57 NY2d 299, 301; People v Steele, 26 NY2d 526, 529). If, taking that view of the record, the evidence supports the defense of justification, the trial court should instruct the jury as to the defense *145 and must when so requested (People v Watts, 57 NY2d 299, 301, supra). Thus, if on any reasonable view of the evidence, the fact finder might have decided that defendant’s actions were justified, the failure to charge the defense constitutes reversible error.
Subdivision 2 of section 35.05 of the Penal Law provides that conduct which would otherwise constitute an offense is justifiable and not criminal when the conduct “is necessary as an emergency measure to avoid an imminent * * * private injury which is about to occur by reason of a situation occasioned or developed through no fault of the actor, and which is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding such injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue”. No reason is offered why this defense should be deemed generally unavailable to the person accused of criminal mischief; indeed, the prosecutor now concedes that the trial court’s statement to this effect was erroneous. The only remaining issue is whether defendant’s testimony to the effect that he pushed on the door as he was attempting to retreat from the assault of the bar owner was sufficient to call for the requested charge.
In People v Huntley (87 AD2d 488, affd 59 NY2d 868), a defendant charged with murder and manslaughter had testified, quite in conflict with other witnesses, that the victim of the stabbing death had initiated their encounter by approaching defendant with a knife and demanding his money. When defendant attempted to flee, he was pursued, and in the ensuing scuffle, the knife inadvertently went into the victim’s back. The defendant’s claimed effort to thwart an attempted armed robbery was held sufficient to require presentation of the justification issue to the jury, even though the defendant never admitted that he had intended to stab the victim {id., at p 494).
In the present case, defendant claimed he was trying to avoid what he believed was an attack by the bar owner. He pushed hard against the emergency exit door — hard enough, apparently to break the glass — in order to retreat from what he described as unprovoked aggression. The *146 justification defense seems peculiarly appropriate to a situation such as this, where defendant inflicts damage to property in his attempt to avoid physical injury to himself. The People argue, however, that defendant was not entitled to the justification charge, because his testimony indicated not that defendant caused property damage to avoid personal injury, but that he never intended to cause property damage. The People would limit the availability of the justification defense to cases in which the conduct is admitted to have been intentional, but in avoidance of a greater injury. The cases on point, particularly Huntley, indicate that the People have tendered a much too narrow interpretation of the circumstances under which this doctrine may be applicable.
Here, as in Huntley, an aspect of the defendant’s testimony is inconsistent with the defense. In that case, Huntley never admitted that he intentionally stabbed the victim, just as the present defendant never admitted that he intentionally broke the glass. Indeed, it appears well set-. tied that this type of inconsistency should not deprive defendant of the requested charge (e.g., People v Steele, 26 NY2d 526, supra [defendant proffered a defense of alibi; People’s case raised possibility that defendant’s conduct was justified]). Defendant’s explanation indicates that he engaged in conduct in avoidance of the perceived attack. That conduct forms the basis for a charge of criminal mischief. The fact that defendant never admitted that he intended to cause the resulting property damage should not disentitle him to a charge that his conduct might not have been criminal under the circumstances.
Inasmuch as defendant’s requested charge should have been given, the order of the Appellate Term should be reversed and a new trial ordered.
Chief Judge Cooke and Judges Jasen, Jones, Meyer, Simons and Kaye concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order reversed and a new trial ordered.