OPINION OF THE COURT
Hancock, Jr., J.
Justification is a defense to depraved indifference murder and, where evidence supporting the defense has been presented, refusal to instruct the jury that the People must disprove justification beyond a reasonable doubt is reversible error. We, therefore, reverse the order of the Appellate Division which affirmed defendant’s conviction and remit for a new trial.
Defendant was indicted on one count each of intentional murder (Penal Law § 125.25 [1]) and depraved indifference murder (Penal Law § 125.25 [2]) for firing a shot into a group of youths and fatally wounding one of them. Defendant never denied firing the shot. Rather, he insisted that he did so to "scare off” the five youths who were robbing and assaulting his companion.
In a written statement, given at the station house on the night of the incident, defendant told the police that he and his companion were approached by five males. One put a pistol to his friend’s stomach and, when defendant attempted to intervene, another drew a pistol on him. Defendant was ordered to give up his money but instead turned and ran. When he *544 looked back, defendant saw his friend being beaten and robbed. The group began to chase defendant and he fled to his home, locked the door and retrieved his uncle’s rifle. The group stood outside, yelling for defendant and brandishing their pistols. Defendant opened the door and, when they saw his rifle, the group fled. Defendant gave chase. During the chase, the group came upon defendant’s friend and began assaulting him again. At his friend’s desperate urging, defendant fired the rifle, hitting someone in the group.
Defendant was questioned again that night on videotape. His answers, given over a one hour period and covering about 70 pages of transcript, corresponded substantially with the former written statement.
At trial, the People sought to prove that defendant fired the rifle without provocation. Members of the group testified that, although some of them had chased defendant to his home, none was armed and none had assaulted defendant or his companion. The People introduced defendant’s written and videotaped statements and, when defendant took the stand in his own defense, he recounted the incident, albeit with some discrepancies, in essentially the same detail as he had previously.
During their summations, both counsel addressed the issue of justification and, prior to the court’s instructions, counsel for defendant requested a charge on that defense. The court assured him that the jury would be instructed on justification and the court did so with respect to the intentional murder count. The court gave no such charge, however, concerning depraved indifference murder and, at the conclusion of the court’s instructions, counsel requested that the charge of justification be repeated for that offense. The following exchange ensued:
"the court: You want me to charge justification twice and I’m not going to do it.
"counsel: If the jury has reasonable doubt as to whether or not the district attorney disproved the defense of justification, then they must acquit on all charges.
"the court: No, that’s not necessarily true here.
"counsel: I take an exception.
"the court: Depraved justification is not a defense as [to] depraved indifference.
* * *
*545 "the court: You see, let me explain something to you [counsel], as one lawyer to another. In order for you to have justification, you must have intent. You are admitting that you killed somebody. You did it because you were justified. How can you have a reckless depraved indifference and say you were justified. I don’t think it applies. I decline your request.”
The jury acquitted defendant of intentional murder, failed to reach a verdict on the lesser included charge of manslaughter under extreme emotional disturbance, but convicted defendant of depraved indifference murder.
The Appellate Division unanimously affirmed. The court held that the evidence that defendant fired into a crowd of five persons causing death to one of them was legally sufficient to support a verdict of depraved indifference murder. We agree that defendant’s conduct, as portrayed by the People’s witnesses, could be found by a jury to have displayed the requisite wanton indifference to a very substantial risk to human life (see, People v Gomez, 65 NY2d 9, 10-11; People v Register, 60 NY2d 270, 277).
The Appellate Division further held that the defendant’s request for a charge on justification with regard to the depraved indifference murder count was properly refused. The court reasoned that a depraved mind murder, by its very definition, cannot be justified and hence, that the defense is necessarily precluded. The argument is that justification and depraved indifference are incompatible concepts: that the defense cannot excuse a reckless disregard of an unjustified risk. Such reasoning, we believe, misconceives the essential nature of the defense. Justification does not make a criminal use of force lawful; if the use of force is justified, it cannot be criminal at all.
The defense of justification (Penal Law art 35) affirmatively permits the use of force under certain circumstances (see, People v Watts, 57 NY2d 299, 301; see also, Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 35.15, p 93 [1975]). Pursuant to Penal Law § 35.15, a person "may” use physical force to defend himself or a third person, and his conduct, which would otherwise constitute an offense, is simply not criminal (see, People v Padgett, *546 60 NY2d 142, 145; cf. People v Sullivan, 7 NY 396, 400).[1] The defense does not operate to excuse a criminal act, nor does it negate a particular element of a crime. Rather, by recognizing the use of force to be privileged under certain circumstances, it renders such conduct entirely lawful (see, People v Taylor, 177 NY 237, 245; cf. People v Padgett, supra, at p 145; compare, Penal Law §§ 15.25, 15.05 [3] on the effect of intoxication).
In this regard, the current statutory defense reflects the common-law "right” of an individual to repel a threat to life or limb (People v Governale, 193 NY 581, 587-588; see also, Shorter v People, 2 NY 193). Defense of oneself or one’s relations, deemed a natural, inalienable right at common law, justified the use of force, making even homicide lawful. Thus, one who committed an act of "justifiable homicide”, whether in defense of himself or another, was considered to have "no kind of fault whatsoever, not even in the minutest degree” (4 Blackstone’s Commentaries, at 932 [Chase’s 3d ed], see also, 69-70, 619).
This right to defend oneself or another was early codified in this State as an integral part of the murder statutes (see, e.g., L 1787, ch 22; 2 Rev Stat of NY, part IV, ch I, tit II, § 3 [1829]), and this court has long held the People have the burden of disproving beyond a reasonable doubt a defendant’s claim that he was acting in the exercise of that right (see, e.g., People v Taylor, 177 NY 237, 245, supra; People v Riordan, 117 NY 71, 74-75). Accordingly, justification under the Penal Law is an ordinary defense rather than an affirmative one (see, Penal Law § 35.00). As such, whenever justification is suffi *547 ciently interposed by the defendant, the People must prove its absence to the same degree as any element of the crime charged (People v Reed, 40 NY2d 204, 209; People v Steele, 26 NY2d 526, 528).
From the foregoing, it follows that there is no basis for limiting the application of the defense of justification to any particular mens rea or to any particular crime involving the use of force. Indeed, the Legislature has clearly not done so. The introductory provision to article 35 of the Penal Law evinces an intent to give the justification defense the broadest possible scope. It states without qualification that the defense is available "[i]n any prosecution for an offense” (Penal Law § 35.00 [emphasis added]). Likewise, section 35.15, the provision specifically at issue in this case which outlines the circumstances under which the use of physical force and deadly physical force are justified, is devoid of any such limiting language. (See also, Penal Law § 35.05 [2] and § 35.10 [6].)
Accordingly, this court has rejected a restrictive application of the defense and, instead, has permitted the defense to be raised against diverse charges involving the use of force, regardless of the relevant mens rea (see, e.g., People v Padgett, supra [criminal mischief, fourth degree; intentional]; People v Huntley, 59 NY2d 868, affg 87 AD2d 488 [manslaughter, second degree; reckless]; cf. People v Watts, supra [assault, second degree; intentional]; People v Stridiron, 33 NY2d 287 [manslaughter, second degree; reckless]; People v Torre, 42 NY2d 1036 [manslaughter, second degree; reckless]; compare, People v Almodovar, 62 NY2d 126 [criminal possession of a weapon, second degree; intentional]). As we made clear in People v Padgett (supra, at p 146) where we rejected an argument that the justification defense is only available in cases where the defendant’s conduct is conceded to have been intentional, such a rule would be "a much too narrow interpretation of the circumstances under which this doctrine may be applicable.” Reaffirming our decision in People v Huntley (supra), where we held the defense applicable to a charge of reckless homicide (Penal Law § 125.15 [1]), we stated that a defendant is entitled to a charge "that his conduct might not have been criminal under the circumstances”, whenever the defendant claims that "he engaged in [forceful] conduct in avoidance of [a] perceived attack” (60 NY2d, at p 146). There is no reason why the rule should be different solely because the crime charged is depraved indifference murder.
*548 We have specifically held that justification may be asserted as a defense to manslaughter in the second degree (Penal Law § 125.15 [1]), a crime involving the culpable mental state of recklessness (see, People v Huntley, supra; see also, People v Torre, supra; People v Stridiron, 33 NY2d 287, supra). The rule should be applied with equal force to depraved indifference murder which involves the same mens rea (see, People v Register, 60 NY2d 270, 277-278, supra).[2] To hold otherwise would permit an incongruous result: murder convictions could be obtained under the depraved indifference statute even where, because the prosecution could not disprove justification, convictions could not be obtained either for the lesser offense of manslaughter in the second degree or for the greater offense of intentional murder (Penal Law § 125.25 [1]; § 125.27 [1]) (cf. People v Register, supra, at pp 286-287 [Jasen, J., dissenting]).
To contend, as do the People, that depraved indifference murder, by definition, cannot be justified is to beg the very question at issue. Such an argument assumes the criminality of the use of force which the defense of justification renders entirely lawful. If the conduct is justified, it simply cannot be the basis of depraved indifference murder or any other crime. We reject the contention that the additional element of depravity — which, we have held, refers solely to the objective circumstances under which the reckless conduct is alleged to have occurred (see, People v Register, supra, at p 276) — in some way alters the rationale or operation of the defense. The apparent conceptual difficulty in reconciling the defense of justification with a "wanton indifference to human life or a depravity of mind” which is essential to depraved indifference murder (id., at p 274)[3] is of no moment. The defense must not be viewed as one that operates to negate or refute an aspect of *549 the crime charged. Rather, if the People fail to disprove justification, the use of force is deemed lawful (Penal Law § 35.15) and the defendant is entitled to an acquittal.
In sum, in a prosecution for depraved indifference murder, or another crime involving the use of force, a charge on justification is warranted whenever there is evidence to support it. The court must view the record in a light most favorable to the accused (People v Watts, supra, at p 301; People v Steele, supra, at p 529) and, if any reasonable view of the evidence would permit the fact finder to decide that the conduct of the accused was justified, an instruction on the defense should be given (People v Padgett, supra, at pp 144-145). Under such circumstances, refusal to charge that the People must disprove the alleged justification is reversible error (see, People v Watts, supra, at p 301; People v Torre, supra, at p 1037; People v Steele, supra, at p 529).
Here, defendant testified that he fired the rifle to "scare off” the five males who were beating and robbing his companion. Some members of the group, he said, were armed, had threatened him and his companion, and had chased him home while brandishing pistols. The evidence was sufficient to support a jury finding that defendant reasonably believed his actions were necessary to protect his companion from the use of deadly force and robbery. Consequently, with regard to the charge of depraved indifference murder — as with intentional murder — defendant was entitled to an instruction that the People had the burden of proving beyond a reasonable doubt that defendant’s use of deadly physical force was not justified (Penal Law § 35.15). Here, the court could have given that instruction as part of its charge dealing with the elements of the crime and what must be proven to establish guilt. Alternatively, it could have given the requested charge separately as a "defense” after charging the elements. Because the court did neither, there must be a reversal and a new trial.
Accordingly, the order of the Appellate Division should be reversed, the conviction vacated, and the case remitted for a new trial.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye and Alexander concur; Judge Titone taking no part.
Order reversed, etc.

. Section 35.15 outlines the circumstances under which the use of physical force in defense of a person is justified. Subdivision (1) of that section provides, in part: "A person may, subject to the provisions of subdivision two, use physical force upon another person when and to the extent he reasonably believes such to be necessary to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force by such other person”. (See also, Penal Law § 35.05 [2] and § 35.10 [6].)
Subdivision (1) provides a limitation upon the foregoing where the force used is deadly. A person may only use such force upon another in certain specified situations, including where:
"(a) He reasonably believes that such other person is using or about to use deadly physical force * * * or
"(b) He reasonably believes that such other person is committing or attempting to commit a kidnapping, forcible rape, forcible sodomy or robbery”.

. "Recklessly” is defined in Penal Law § 15.05 (3) which provides, in part, that a "person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur”.

. Depraved indifference murder is defined in Penal Law § 125.25 (2) which provides that a "person is guilty of murder in the second degree when * * * lufnder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person” (emphasis added).