■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KRANZ, Appellant.—Appeal by the defendant from a

judgment of the County Court, Suffolk County (Weissman, J.), rendered May 23, 1989, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The findings of fact have been considered and are determined to be established.

The defendant contends that the judgment convicting him of assault by means of a dangerous instrument, a knife, is against the weight of the evidence, since only one of the several witnesses to the incident testified to seeing a knife. However, that witness, a waitress in the restaurant in which the attack took place, testified that she removed the knife from the defendant's hand during the altercation and placed it on a nearby table. Additionally, the doctor who examined the complainant after the incident testified that his wounds could have been caused by the knife. That none of the other witnesses saw the knife does not render the waitress's testimony unreliable, as the failure to see the knife can be explained by the vantage points from which each observed the incident. Under the circumstances, the weight of the evidence supports the jury's finding that the defendant physically injured the complainant by means of a knife. Moreover, we are not prepared to reverse the judgment and dismiss the indictment in the interest of justice *(see,* CPL 470.15 [3]; *cf., People v Crudup,* 100 AD2d 938; *People v Kidd,* 76 AD2d 665).

We do agree, however, with the defendant's contention that the trial court erred in denying his request for a jury charge on justification. Upon viewing the evidence in the light most favorable to the defendant, we conclude that a reasonable view of the evidence could permit the jury to conclude that the defendant's conduct was justified *(see, People v McManus,* 67 NY2d 541, 549). Thus, an instruction on justification should have been given and, under the circumstances of this case, the trial court's refusal to do so constitutes reversible error.

In light of the foregoing, we need not reach the remaining issue raised by the defendant. Brown, J. P., Eiber, Harwood and Rosenblatt, JJ., concur.