■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON LAWRENCE, Appellant.—Judgment of the Supreme Court, Bronx County (Howard Goldfluss, J.), rendered December 16, 1987, convicting defendant, after jury trial, of manslaughter in the second degree (Penal Law § 125.15 [1]) and sentencing him to an indeterminate term of imprisonment of from 4 to 12 years, unanimously reversed, on the law, judgment vacated, and the matter remanded to Supreme Court for a new trial.

Defendant was charged with the crimes of murder in the second degree, manslaughter in the first degree and criminal possession of a weapon in the fourth degree arising out of an altercation with the decedent, one Leroy Johnson. Defendant interposed the defense of justification. The court charged the jury with the crimes prosecuted and the lesser included offense of manslaughter in the second degree. The court began with the murder charge and continued with the manslaughter first degree charge followed by the justification charge. The court then delivered the charges as to manslaughter in the second degree and weapons possession. Immediately, after the court charged the jury, defense counsel asked the Trial Justice to deliver a supplemental charge to make it clear that the defense of justification also applies to manslaughter in the second degree. Defense counsel asserted that because justification was charged after murder and manslaughter in the first degree but before manslaughter in the second degree, the jury would be misled as to the applicability of the justification charge to second degree manslaughter. The court refused the defense request, stating that it would be confusing to the jury to repeat the justification charge.

After the jury returned a verdict of guilty on the count of

manslaughter in the second degree, defense counsel requested that an interrogatory be posed to the jury to determine whether they considered the defense of justification in reaching their verdict. If it was ascertained they had not, defense counsel asked that the court recharge as to manslaughter in the second degree and justification. The court denied this request and sentenced defendant to 4 to 12 years' imprisonment.

The defense of justification may be interposed irrespective of the relevant *mens rea (People v McManus,* 67 NY2d 541) and applies to the charge of manslaughter in the second degree *(People v Huntley,* 59 NY2d 868). Supreme Court specifically instructed the jury that if the People failed to prove beyond a reasonable doubt that defendant was not acting in self-defense, "you must therefore find the defendant not guilty of murder in the second degree and manslaughter in the first degree". The court then continued, "I am going to submit two further charges to you", and proceeded to instruct the jury on the counts of manslaughter in the second degree and weapons possession. Nowhere in the charge did the court provide any curative instructions to explain that justification also applies to the count of manslaughter in the second degree. This omission constitutes reversible error *(People v Huntley,* 87 AD2d 488, 494, *affd* 59 NY2d 868, *supra).* Concur—Kupferman, J. P., Asch, Kassal, Wallach and Rubin, JJ.