■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK ISIDORE, Appellant. [607 NYS2d 764] —Judgment unanimously affirmed. Memorandum: The record does not reveal that the defense of justification was raised upon the trial of the indictment charging defendant with second degree assault (Penal Law § 120.05 [2]). Neither the victim nor defendant testified at trial. In *People v Steele* (26 NY2d 526, 528), the Court of Appeals stated: "Of course, justification, as an affirmative element, need not be disproved in every case. Ordinarily, the possibility of the defense would not appear until injected by the defendant". In any event, had defendant sufficiently raised that defense, we would conclude that the People disproved it beyond a reasonable doubt *(see, People v McManus,* 67 NY2d 541, 546-547; *People v Sykes,* 178 AD2d 501, *lv denied* 79 NY2d 953; *People v Sweeney,* 122 AD2d 177, 178, *lv denied* 69 NY2d 886). The People's witness, a police officer, testified that, while on routine vehicular patrol, he saw defendant repeatedly strike the unarmed victim about the head and upper body with a metal pipe. The victim and his clothes were covered with blood and he was bleeding from the

head. Whether defendant was the aggressor presented an issue of credibility, which the trial court, acting as the fact finder, resolved against defendant *(see, People v Sweeney, supra,* at 178). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Attempted Assault, 2nd Degree.) Present—Pine, J. P., Balio, Fallon, Doerr and Davis, JJ.