■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH FARRELL, Appellant. [615 NYS2d 286] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered January 4, 1991, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. By decision and order of this Court dated February 22, 1994, the appeal was held in abeyance, and the matter was remitted to the Supreme Court, Richmond County, for a reconstruction hearing to determine whether the defendant was present at that portion of the *Sandoval* hearing conducted on October 24, 1990. The Supreme Court has now complied *(see, People v Farrell,* 201 AD2d 665).

Ordered that the judgment is affirmed.

After remittitur to the Supreme Court for a reconstruction hearing concerning whether the defendant was present during that portion of the *Sandoval* hearing conducted October 24, 1990, the defendant admitted that he was indeed present.

Viewing the evidence in a light most favorable to the

defendant, the court did not err in refusing the defendant's request to charge the jury on the question of whether the defendant was justified in using deadly physical force because he believed he was a victim of a burglary (Penal Law § 35.20), as no reasonable view of the evidence would support a finding that the deceased was in the apartment "unlawfully" at the time he was killed *(see, People v Graves,* 76 NY2d 16; *People v Padgett,* 60 NY2d 142; Penal Law §§ 140.20-140.30). Further, the defendant's sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Miller, O'Brien and Altman, JJ., concur.