SUMMARY ORDER
Leighton Seow appeals from a judgment of the District Court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We assume the parties’ familiarity with the facts, procedural background, and specification of issues on appeal.
Seow contends that he was denied due process by the state trial court’s refusal to charge justification. A grant of habeas corpus relief would have been proper only if (1) Seow was entitled to a justification charge; (2) the failure to give the charge resulted in a denial of due process; and (3) “the state court’s contrary conclusion constituted an unreasonable application of clear Supreme Court law.” Jackson v. Edwards, 404 F.3d 612, 621 (2d Cir.2005). Under New York law, to be entitled to a justification charge, the defendant must place evidence in the record from which a jury could conclude that the defendant’s use of physical force was justified. See People v. McManus, 67 N.Y.2d 541, 543, 505 N.Y.S.2d 43, 496 N.E.2d 202 (1986); People v. Watts, 57 N.Y.2d 299, 301, 456 N.Y.S.2d 677, 442 N.E.2d 1188 (1982). Absent circumstances not present in this case, the elements of a justification defense to the use of deadly physical force are that (1) the defendant reasonably believed that another person was using or about to use deadly physical force; (2) the defendant reasonably believed that the use of deadly physical force was necessary to defend himself, herself, or another person against the use of deadly physical force; and (3) the defendant could not avoid the necessity of using deadly physical force by retreating in complete safety. See N.Y. Penal L. § 35.15(1), (2). Seow did not establish that he was entitled to a justification charge because he emerged from the back seat of a car that no bullets had penetrated to begin shooting at police officers who were responding to hostile fire from the car without, in any manner, first attempting to demonstrate to the officers that he had no hostile intent. Cf. People v. Odinga, 143 A.D.2d 202, 204-05, 531 N.Y.S.2d 818 (2d Dep’t 1988) (holding there was no issue for the jury on a justification defense where “the conduct of the pursuing officers represented a measured response, related in its intensity to the increasingly aggressive conduct displayed by the defendant and his accomplice as the rapidly developing circumstances of the chase unfolded”). Seow’s due process violation claim, therefore, fails because he did not establish that he was entitled to the charge.
Seow also claims that his trial counsel was constitutionally ineffective because she failed (1) to inform Seow of the existence of an eyewitness who told police that a person other than Seow was the first shooter but that Seow soon joined in the shooting, and (2) to investigate whether this witness would provide helpful testimony. Seow offered no evidence that his counsel failed to interview the witness. Further, because the witness admitted to police that he was drunk when he viewed the incident, that it was dark, and that his account may have been mistaken, Seow cannot establish that his counsel failed to make a reasonable strategic choice when she elected not to call the witness and instead to comment on the prosecutor’s failure to call eyewitnesses who, unlike the witnesses the prosecutor actually called, *48 lacked an interest in the outcome of the trial. See Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (“the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy”) (internal quotation marks omitted). Furthermore, Scow’s claim that his due process right to participate in his own defense was violated when his counsel failed to inform him of the eyewitness is without merit. There is no per se rule mandating that the client be consulted on every decision and be informed of every piece of evidence related to the defense’s strategy. In any event, Seow does not suggest that if informed of the existence of the witness, he would have given his counsel information that would or should have caused her to call the witness. He thus has not shown prejudice arising from his counsel’s alleged failure to inform.
Finally, Seow contends that the evidence was insufficient to support his conviction on the robbery and weapons possession counts. In both instances, his argument is essentially a challenge to the credibility of Renaud Pierre, the key witness against him. Because the jury makes credibility determinations and the lack of certain evidence that would have corroborated portions of Pierre’s testimony was not fatal to the credibility of his testimony as a matter of law, this argument also fails. See Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir.1996).
We, therefore, affirm the judgment of the District Court.