15-3381-pr
Rodriguez v. Heath

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand sixteen.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
                     *Circuit Judges*,
           J. PAUL OETKEN,
                     *District Judge*.[*]

------------------------------------------------------------------------

RONALD RODRIGUEZ,

         *Petitioner-Appellee*,

      v.                                                  No.   15-3381-pr

PHILLIP HEATH,

         *Respondent-Appellant*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:          ANDREA M. DIGREGORIO, Assistant District Attorney (Daniel S. Bresnahan, Assistant District Attorney, *on the brief*), *for* Madeline Singas, Acting District Attorney for Nassau County, Mineola, New York.

APPEARING FOR APPELLEE:           JOSEPH F. DEFELICE, ESQ., Kew Gardens, New York.

---

[*] The Honorable J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 19, 2015, is AFFIRMED.

Phillip Heath, the Superintendent of the Sing Sing Correctional Facility (the "State"), appeals from habeas corpus vacatur of petitioner Ronald Rodriguez's conviction for second-degree manslaughter. See 28 U.S.C. § 2254(d); N.Y. Penal Law § 125.15. The State argues that the district court erred in concluding that the failure to give a justification charge with respect to that manslaughter count violated due process. We review the district court's grant of a habeas petition de novo, and its underlying factual findings for clear error. See Lewis v. Conn. Comm'r of Correction, 790 F.3d 109, 120 (2d Cir. 2015). We assume familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a state prisoner habeas relief only if his conviction "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[] or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). A federal court cannot "reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67–68 (1991). Accordingly, where, as here, a petitioner argues constitutional error in failing to charge a state law defense, we consider whether petitioner was entitled to the charge

2

under state law, in order to decide whether (1) the charging failure "so infected the entire trial that [petitioner's] resulting conviction violates due process," Cupp v. Naughten, 414 U.S. 141, 147 (1973); and (2) the state courts' affirmance of the conviction despite the charging error constituted an objectively unreasonable application of controlling Supreme Court precedent, see Harris v. Alexander, 548 F.3d 200, 203 (2d Cir. 2008); Jackson v. Edwards, 404 F.3d 612, 621 (2d Cir. 2005).  Applying these principles here, we affirm the district court's grant of habeas relief.

1.      Rodriguez's Entitlement to a Justification Charge

At trial, Rodriguez requested a justification charge in light of his written and videotaped post-arrest statements asserting that, prior to shooting Bilah McGraw once in the chest, Rodriguez believed that McGraw was going to attack him.  The trial court charged justification as to the second-degree murder and first-degree manslaughter counts but, without explanation, did not do so for second-degree manslaughter.[1]

In determining whether Rodriguez was entitled to a justification charge on the count of conviction, "[o]ur role is not to interpret New York's law of justification, but to determine whether the evidence was sufficient to warrant a justification charge under that law." Jackson v. Edwards, 404 F.3d at 621–22 (internal quotation marks and citations omitted).  Under New York Penal Law § 35.15, a justification charge is warranted if "any reasonable view of the evidence," People v. McManus, 67 N.Y.2d 541, 549, 505

---

[1] Rodriguez also requested a justification charge for third-degree criminal possession of a weapon, see N.Y. Penal Law § 265.02(1), which the trial court denied.  The district court declined to grant habeas relief on this ground, and Rodriguez does not appeal that decision.

N.Y.S.2d 43, 48 (1986), would permit the jury to find that (1) defendant believed deadly physical force was necessary to defend against the imminent use of deadly physical force, and (2) a reasonable person would have believed the use of deadly physical force was necessary in those circumstances, see Matter of Y.K., 87 N.Y.2d 430, 433–34, 639 N.Y.S.2d 1001, 1003 (1996). A defendant is not entitled to a justification charge if, despite such subjective and objective belief, defendant failed to retreat when he knew he could do so safely, or was the initial aggressor. See N.Y. Penal Law § 35.15(1)(b), (2)(a). The State submits that the Appellate Division was correct in stating that "no reasonable view of the evidence in this case supported . . . a [justification] charge with regard to manslaughter in the second degree." People v. Rodriguez, 77 A.D.3d 975, 976, 911 N.Y.S.2d 79, 81 (2d Dep't 2010). Like the district court, we conclude that the record does not admit such a conclusion.

At the outset, we observe that the State advances no reason, nor can we discern any, for the state courts to have concluded that a justification charge was warranted for second-degree murder and first-degree manslaughter, but not for second-degree manslaughter. Although second-degree murder and first-degree manslaughter both require intent, see N.Y. Penal Law §§ 125.20, 125.25, while second-degree manslaughter requires only recklessness, see id. § 125.15, the defense of justification is not limited "to any particular mens rea or to any particular crime involving the use of force," People v. McManus, 67 N.Y.2d at 547, 505 N.Y.S.2d at 46. Indeed, New York courts have recognized justification as a defense to second-degree manslaughter. See People v. Huntley, 87 A.D.2d 488, 494, 452 N.Y.S.2d 952, 956 (4th Dep't 1982) (identifying error

4

in trial court's refusal to charge justification for second-degree manslaughter when it gave that instruction for second-degree murder and first-degree manslaughter), aff'd, 59 N.Y.2d 868, 465 N.Y.S.2d 929 (1983) (mem.). Nor is a different conclusion warranted here because Rodriguez argued justification in the alternative to accidental shooting. See People v. Padgett, 60 N.Y.2d 142, 146, 468 N.Y.S.2d 854, 857 (1983) (rejecting contention that justification defense is available only where conduct is admittedly intentional, and citing precedent holding that justification defense applied to second-degree manslaughter even where defendant contended that he "inadvertently" stabbed victim); see also Jackson v. Edwards, 404 F.3d at 623–24 (concluding that evidence supported justification charge for second-degree manslaughter under New York law where habeas petitioner contended that gun fired accidentally); Blazic v. Henderson, 900 F.2d 534, 540–41 (2d Cir. 1990) (same).

In urging otherwise, the State contends that no reasonable view of the evidence supported a justification charge for any of the counts and, thus, Rodriguez received a "windfall" insofar as the charge was given on the top two homicide counts. Appellant's Br. 42. We are not persuaded, however, that the evidence construed in the light most favorable to Rodriguez did not support a justification charge. See Jackson v. Edwards, 404 F.3d at 624 (concluding that Appellate Division erred in concluding that no reasonable view of evidence supported justification charge); Davis v. Strack, 270 F.3d 111, 129 (2d Cir. 2001) (same). We will not repeat the district court's careful review of the evidence in ourselves reaching the same conclusion it did, i.e., there was a reasonable view of the evidence supporting a justification charge so as to preclude the Appellate

5

Division from holding otherwise. See Rodriguez v. Heath, --- F. Supp. 3d ----, 2015 WL 5944244, at *1–3, 7–8 (E.D.N.Y. Oct. 13, 2015).

2.    Due Process

Because a "mere error of state law" is insufficient to warrant habeas relief, Blazic v. Henderson, 900 F.2d at 541, a petitioner complaining of the failure to give a required justification charge must show that the error "so infected the entire trial that the resulting conviction violates due process," Cupp v. Naughten, 414 U.S. at 147; see Estelle v. McGuire, 502 U.S. at 72; Davis v. Strack, 270 F.3d at 132. Like the district court, we conclude that the burden is carried here because the charging error deprived Rodriguez, who had confessed to the fatal shooting, of a "highly credible defense." Jackson v. Edwards, 404 F.3d at 625 (concluding that refusal to charge justification for second-degree manslaughter violated due process where petitioner confessed to shooting and, thus, "jury could not acquit without having been instructed on justification").

This is evident from the jury's verdict acquitting Rodriguez of second-degree murder and first-degree manslaughter—counts for which the jury was charged on justification. This verdict signals not only the State's failure to disprove justification beyond a reasonable doubt, but also the jury's openness to crediting Rodriguez's version of events. See id. (identifying substantial likelihood that properly instructed jury would have found in petitioner's favor in part because its conviction for second-degree manslaughter rather than second-degree murder suggested its acceptance of his version of events); cf. Blazic v. Henderson, 900 F.2d at 542 (concluding that justification instruction would not have altered result because guilty verdict on second-degree murder necessarily

6

meant jury rejected petitioner's testimony, which was only evidence supporting justification). Nor was the absence of a justification instruction mitigated by other portions of the charge. See Davis v. Strack, 270 F.3d at 132. Indeed, the jury's notes demonstrate that it clearly understood that it could not consider justification with respect to second-degree manslaughter. See J.A. 1043 (jury note referring to "three points of criteria to be considered" for second-degree murder and first-degree manslaughter, and "two points of criteria to be considered" for second-degree manslaughter); see also id. at 1054, 1057 (jury charge describing third element of second-degree murder and first-degree manslaughter as "the defendant was not justified"). Accordingly, the failure to charge justification as to second-degree manslaughter deprived Rodriguez of due process under Cupp.[2] See Harris v. Alexander, 548 F.3d at 205–06 (concluding that failure to instruct on agency defense violated due process under Cupp where failure "converted a reasonable possibility of acquittal into a virtual directed verdict of conviction"); Jackson v. Edwards, 404 F.3d at 626 (concluding that failure to charge justification violated due process under Cupp where there was substantial probability that properly instructed jury "might well have acquitted"); Davis v. Strack, 270 F.3d at 132 (concluding that failure to charge justification deprived petitioner, who confessed to shooting, of likely successful defense and, therefore, violated due process under Cupp).[3]

---

[2] Because we identify a denial of due process under Cupp, we need not consider whether the charging error also deprived Rodriguez of his right to have the prosecution prove beyond a reasonable doubt every element included in the definition of second-degree manslaughter. See Rodriguez v. Heath, 2015 WL 5944244, at *10–12.

[3] Insofar as the State contends that Jackson and Davis do not constitute federal law clearly

7

3.      <u>Unreasonable Application of Clearly Established Federal Law</u>

We next consider whether Rodriguez's second-degree manslaughter conviction in the absence of a justification charge was contrary to, or an unreasonable application of, federal law as clearly established by the Supreme Court. <u>See</u> <u>Harris v. Alexander</u>, 548 F.3d at 206; <u>see also</u> <u>Jackson v. Edwards</u>, 404 F.3d at 627–28 (concluding that Appellate Division's conclusion that no reasonable view of the evidence supported a justification charge constituted unreasonable application of <u>Cupp</u>). Because the evidence, viewed in the light most favorable to Rodriguez, supported a justification charge for second-degree manslaughter, which would as likely have resulted in his acquittal on that count as it had on the other homicide charges against him, we conclude that the trial in which he was denied the right to have the jury consider that defense "was egregiously at odds with the standards of due process propounded by the Supreme Court in <u>Cupp</u>." <u>Jackson v. Edwards</u>, 404 F.3d at 627–28 (quoting <u>Davis v. Strack</u>, 270 F.3d at 133); <u>see also</u> <u>Harris v. Alexander</u>, 548 F.3d at 206 (concluding that where properly instructed jury could have concluded that petitioner was not guilty, court had "no trouble concluding that not only was the deprivation of instructions explaining the law of the theory of his defense a denial of due process, but also that the state decisions upholding his conviction were egregiously at odds with the standards of due process propounded by the Supreme Court in <u>Cupp</u>"). Thus, the district court correctly granted relief under § 2254(d)(1).

---

established by the Supreme Court, <u>see</u> <u>Lopez v. Smith</u>, 135 S. Ct. 1, 4 (2014), the district court's opinion makes clear that it did not rely on these cases for that purpose. Indeed, in identifying due process error, the district court relied on Supreme Court cases holding that the prosecution must prove all elements of an offense beyond a reasonable doubt and, in the alternative, the more general due process standard articulated in <u>Cupp</u>.

4.    <u>Conclusion</u>

We have considered the State's remaining arguments and conclude that they are

without merit.  Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court