The People of the State of New York, Respondent,
against
Patrick J. Cahill, Appellant.




Patrick J. Cahill, appellant pro se.
Nassau County Attorney's Office (Andrew R. Scott of counsel), for respondent.

Appeal from judgments of the District Court of Nassau County, Nassau County Traffic and Parking Violations Agency (Elizabeth D. Pessala, J.H.O.), rendered May 15, 2017. The judgments convicted defendant, after a nonjury trial, of making an unsafe lane change and failing to signal, respectively, and imposed sentences.




ORDERED that the judgments of conviction are reversed, on the facts, the simplified traffic informations are dismissed, and the fines, if paid, are remitted.
Defendant was charged, in three separate simplified traffic informations, with making an unsafe lane change (Vehicle and Traffic Law § 1128 [a]), driving across official markings (Vehicle and Traffic Law § 1128 [d]), and failing to signal (Vehicle and Traffic Law § 1163 [a]), respectively. At a nonjury trial, a police officer testified that he had been patrolling the Long Island Expressway in a marked police vehicle eastbound from Exit 42 to Exit 43, when he observed defendant operating a gray Mercedes, with New Hampshire license plates, traveling in the left lane, drive "across three lanes into [the] right traveling lane," without signaling, and "g[e]t off [at] Exit 43." It was the officer's opinion that defendant's movements were unsafe. Defendant testified that he had been driving on the Long Island Expressway when his vehicle hit a piece of metal, causing one of the tires on the right side of the vehicle to "blow out." He "almost lost control of [his] vehicle," which "is the only reason why [he] pulled over." Following [*2]the trial, the court acquitted defendant of driving across official markings, but convicted him of unsafely changing lanes and failing to signal. When rendering its verdict, the court made it clear that it had done so "regardless of [defendant's] emergency." On appeal, defendant contends that the court did not allow him to enter the following exhibits into evidence, which he annexed to his brief: photographs allegedly depicting the damaged tire and the vehicle's dashboard displaying a "check tire" warning, an affidavit from the passenger of his vehicle, a receipt indicating that he had bought a new tire the next day, and a copy of his credit card statement showing payment for the tire. Alternatively, defendant argues that the court disregarded and/or did not consider the evidence before it made its decision. 
Upon a weight of the evidence review, this court "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (People v Danielson, 9 NY3d 342, 348 [2007]). Here, even when according great deference to the factfinder's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we are of the opinion that the verdicts were against the weight of the evidence. Indeed, the District Court, while acknowledging defendant's emergency, was of the opinion that it did not negate defendant's guilt. However, a justification defense permits conduct, which would otherwise constitute an offense, to be considered to have been justified if necessary to avoid a greater harm (see People v Craig, 78 NY2d 616, 622 [1991]). When the defense of justification (see Penal Law §§ 35.00, 35.05 [2]) is raised on a proper evidentiary record, the People bear the burden of disproving it beyond a reasonable doubt (see Penal Law § 25.00 [1]; People v McManus, 67 NY2d 541, 546-547 [1986]). Here, the claimed facts and circumstances, as offered by defendant and viewed in a light most favorable to him (see People v Padgett, 60 NY2d 142, 144-145 [1983]; People v Steele, 26 NY2d 526, 529 [1970]), were that his conduct was justified to avoid a potential accident with other vehicles on the highway, thereby triggering a justification defense. Consequently, by virtue of the fact that the alleged injury that defendant had sought to avoid was "by reason of a situation occasioned or developed through no fault of" his own (Penal Law § 35.05 [2]), we conclude that it was against the weight of the evidence for the District Court to have implicitly determined that the People had met their burden of disproving defendant's justification defense beyond a reasonable doubt (see Penal Law § 25.00 [1]; McManus, 67 NY2d at 546-547).
Accordingly, the judgments of conviction are reversed and the simplified traffic informations are dismissed.
ADAMS, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 3, 2019