The People of the State of New York, Respondent,
against
Rachit Anand, Appellant.




Rachit Anand, appellant pro se.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from two judgments of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Kenneth S. Diamond, J.H.O.), rendered November 8, 2017. The judgments, after a nonjury trial, convicted defendant of driving across official markings and following too closely, respectively, and imposed sentences. The appeal from the judgment convicting defendant of following too closely brings up for review an order of that court entered November 3, 2017 denying defendant's motion to dismiss the simplified traffic information charging him with that offense.




ORDERED that the judgment convicting defendant of following too closely is reversed, on the law, the order denying defendant's motion to dismiss the simplified traffic information charging him with that offense is vacated, defendant's motion is granted, and the fine imposed, if paid, is remitted; and it is further,
ORDERED that the judgment convicting defendant of driving across official markings is affirmed.
Defendant was charged in three separate simplified traffic informations with driving across official markings (Vehicle and Traffic Law § 1128 [d]), following too closely (Vehicle and Traffic Law § 1129 [a]), and making an unsafe lane change (Vehicle and Traffic Law § 1163 [a]), respectively. Insofar as is relevant to the issues raised on this appeal, defendant [*2]subsequently moved to dismiss the simplified traffic information charging him with following too closely, as being facially insufficient. In an order entered November 3, 2017, the District Court denied defendant's motion. Following a nonjury trial, defendant was convicted of driving across official markings and following too closely, but acquitted of making an unsafe lane change. On appeal, defendant again challenges the facial sufficiency of the simplified traffic information charging him with following too closely.
A simplified traffic information is sufficient on its face when it substantially conforms to the form prescribed by the Commissioner of Motor Vehicles (see CPL 100.25 [1]; 100.40 [2]; People v Ferro, 22 Misc 3d 7 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Additionally, pursuant to CPL 100.25 (2), if a supporting deposition of a complainant police officer is provided, it must contain allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged (see People v Hohmeyer, 70 NY2d 41, 42-44 [1987]; People v Key, 45 NY2d 111, 116-117 [1978]; People v Delprete, 62 Misc 3d 128[A], 2018 NY Slip Op 51872[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). The failure to file a sufficient supporting deposition renders the simplified traffic information insufficient on its face (see CPL 100.40 [2]; Delprete, 62 Misc 3d 128[A], 2018 NY Slip Op 51872[U]), subjecting it to dismissal upon motion (see CPL 170.30 [1] [a]; 170.35 [1]). Here, since, prior to trial, defendant moved to dismiss the simplified traffic information charging him with following too closely on facial insufficiency grounds, the issue of whether the supporting deposition contained adequate factual allegations to support the simplified traffic information was not waived (see CPL 170.30 [3]; People v Beattie, 80 NY2d 840 [1992]; People v Key, 45 NY2d 111, 116-117 [1978]; Delprete, 62 Misc 3d 128[A], 2018 NY Slip Op 51872[U]).
As correctly contended by defendant, the supporting deposition failed to set forth any facts providing reasonable cause to believe that he had violated Vehicle and Traffic Law § 1129 (a) (see CPL 70.10 [2]; 100.25 [2]; Delprete, 62 Misc 3d 128[A], 2018 NY Slip Op 51872[U]; People v Bollag, 42 Misc 3d 149[A], 2014 NY Slip Op 50407[U] [App Term, 2d Dept, 9th and 10th Jud Dists 2014]), as the complaining officer alleged no facts identifying in what way defendant had been operating a motor vehicle while following another vehicle more closely than was reasonable and prudent for the traffic conditions (Vehicle and Traffic Law § 1129 [a]). Consequently, the simplified traffic information charging defendant with violating Vehicle and Traffic Law § 1129 (a) was insufficient on its face (see CPL 100.40 [2]) and should have been dismissed upon defendant's motion.
Defendant further contends that the evidence presented at trial was legally insufficient to establish, beyond a reasonable doubt, his guilt of violating Vehicle and Traffic Law § 1128 (d) and, further, that the verdict was against the weight of the evidence. More specifically, he argues that, by testifying at trial that he had moved his vehicle across the divider line of the high-occupancy vehicle (HOV) lane on the highway in order to avoid a possible accident, he had successfully raised "the defense of necessity as an emergency measure" and the People failed to prove beyond a reasonable doubt that his conduct of driving across official markings had not been justified. However, defendant failed to preserve for appellate review his claim of legal insufficiency of the evidence by not moving for dismissal on this ground in the District Court (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Gray, 86 [*3]NY2d 10, 19—20 [1995]), and we decline to review it in the exercise of our interest of justice jurisdiction (see CPL 470.15 [3] [c]). Nonetheless, upon a defendant's request, this court must conduct a weight of the evidence review (see People v Danielson, 9 NY3d 342 [2007]). 
A justification defense permits, "in rare and highly unusual circumstances," conduct, which would otherwise constitute a criminal offense, to be considered to have been justified as necessary to avoid a greater harm (People v Craig, 78 NY2d 616, 622 [1991]). When the defense of justification (see Penal Law §§ 35.00, 35.05 [2]) is raised on a proper evidentiary record, the People bear the burden of disproving it beyond a reasonable doubt (see Penal Law § 25.00 [1]; People v McManus, 67 NY2d 541, 546-547 [1986]). Penal Law § 35.05 (2) provides as follows:
"[C]onduct which would otherwise constitute an offense is justifiable and not criminal when . . . [s]uch conduct is necessary as an emergency measure to avoid an imminent public or private injury which is about to occur by reason of a situation occasioned or developed through no fault of the actor, and which is of such gravity that, according to ordinary standards of intelligence and morality, the desirability and urgency of avoiding such injury clearly outweigh the desirability of avoiding the injury sought to be prevented by the statute defining the offense in issue. . . . Whenever evidence relating to the defense of justification under this subdivision is offered by the defendant, the court shall rule as a matter of law whether the claimed facts and circumstances would, if established, constitute a defense."
The claimed facts and circumstances, as offered by defendant and viewed in a light most favorable to him (see People v Padgett, 60 NY2d 142, 144-145 [1983]; People v Steele, 26 NY2d 526, 529 [1970]), were that his vehicle had been traveling in the HOV lane, approximately two to two-and-a-half car lengths behind another vehicle, when the driver of the vehicle in front of his slammed on its brakes. Defendant tried stopping his vehicle; however, when he realized that the vehicle in front of him might come to a complete stop, he moved his vehicle from the HOV lane, across official lane markings prohibiting such lane change, into the next lane of travel to avoid an accident. Thus, defendant contends that his conduct was justified to avoid a potential accident with the vehicle that had been traveling in front of him, thereby triggering a justification defense. 
According great deference to the District Court's opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we are of the opinion that the verdict should not be disturbed, as the trial court gave the evidence the weight it should be accorded (see CPL 470.15 [5]; Danielson, 9 NY3d 342). The complaining officer testified that he had observed defendant's vehicle, which had initially been traveling in the HOV lane, cross over the solid white divider lines and exit the HOV lane and enter the next lane of travel. He further testified that he had not observed any vehicle stop short and he did not consider defendant's act of changing lanes to have been done in order to avoid an accident. Rather, the complaining officer testified that defendant was following the vehicle in front of him so closely that, at the speed which both vehicles had been driving, defendant "did not have the proper stopping distance if he needed to jam on his brakes." He opined that defendant may have spotted his police vehicle and drove over the official markings knowing that he was not supposed to be in the HOV lane at that [*4]time without another occupant in the car. Consequently, in finding defendant guilty, the District Court properly, albeit implicitly, determined that, by virtue of the fact that the alleged injury that defendant had sought to avoid was not "by reason of a situation occasioned or developed through no fault of" his own (Penal Law § 35.05 [2]), the People had met their burden of disproving defendant's justification defense (see Penal Law § 25.00 [1]; McManus, 67 NY2d at 546-547) and of proving beyond a reasonable doubt that defendant had violated Vehicle and Traffic Law § 1128 (d).
Accordingly, the judgment convicting defendant of following too closely is reversed, the order denying defendant's motion to dismiss the simplified traffic information charging him with that offense is vacated, and defendant's motion is granted. The judgment convicting defendant of driving across official markings is affirmed.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 21, 2019