People v Klein (2021 NY Slip Op 51023(U))

[*1]

People v Klein (Naftali)

2021 NY Slip Op 51023(U) [73 Misc 3d 134(A)]

Decided on October 21, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 21, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2019-1014 RO CR

The People of the State of New York,
Respondent,
against
Naftali Klein, Appellant, and Frieda Klein, Defendant.

Sussman & Associates (Michael H. Sussman of counsel), for appellant.
Feerick Nugent & MacCartney PLLC (John J. Kolesar, III and Robert Zitt of counsel), for
respondent.

Appeal from judgments of the Justice Court of the Town of Haverstraw, Rockland County
(John K. Grant, J.), rendered April 29, 2019. The judgments convicted defendant Naftali Klein,
after a nonjury trial, of one charge of violating a stop work order, and of four counts of violating
a stop work order, respectively, and imposed sentences.

ORDERED that the judgments of conviction are affirmed.
In an information, Naftali Klein (defendant) was charged with violating a stop work order
(Code of the Village of Pomona § 130-22) (Code) and, in a separate information, he was
charged with four counts of violating a stop work order (id.). After a nonjury trial,
defendant was found guilty of the aforementioned charges.
At the trial, the People established that defendant had violated a stop work order when he
had construction work performed on the roof of his house and by workers moving plywood into
the house. The testimony adduced at trial established that defendant was permitted to install only
a tarp on the roof without being in violation of the stop work order issued by the Village of
Pomona. Defendant testified that he and some workers initially installed a tarp on the roof to
protect the property from rain water damage, but it blew off. He installed plywood and shingles
on the roof to protect the property. Insofar as is relevant to this appeal, defendant was found
guilty of the aforementioned charges.
On appeal, defendant contends, among other things, that the People failed to disprove his
justification defense (see Penal Law §§ 35.00, 35.05) beyond a reasonable
doubt.
Defendant's contention, that the People failed to disprove his justification defense beyond a
reasonable doubt, is unpreserved for appellate review as he did not raise the issue at trial (see
CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]; People v Ziffer, 43 Misc 3d
140[A], 2014 NY Slip Op 50809[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).
In any event, viewed in the light most favorable to the prosecution (see People v Contes,
60 NY2d 620 [1983]), the evidence was legally sufficient to prove defendant's guilt of the
charges and to disprove defendant's justification defense beyond a reasonable doubt (see
Penal Law §§ 25.00, 35.00; People v Danielson, 9 NY3d 342, 349 [2007]; People v
McManus, 67 NY2d 541, 546 [1986]). Defendant failed to establish that the injury he
claimed was "about to occur" was not "by reason of a situation occasioned or developed through
no fault" of his own (Penal Law § 35.05 [2]), as he had installed the tarp which blew off the
roof. While defendant could have simply reinstalled the tarp in a more secure manner to prevent
any damage to his property without violating the stop work order, he did not choose that
option.
In fulfilling our responsibility to conduct an independent review of the weight of the
evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d at 342), we accord
great deference to the factfinder's opportunity at trial to view witnesses, hear their testimony,
observe their demeanor and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]). Upon our review of
the record, we are satisfied that the verdicts finding defendant guilty of violating the stop work
orders without justification were not against the weight of the evidence (see People v Romero, 7 NY3d 633
[2006]).
Defendant waived review of the denial of his motion for a trial order of dismissal regarding
the validity of the stop work order made at the close of the People's case, as he did not renew the
motion after presenting evidence (see People v Hines, 97 NY2d 56, 61 [2001]; People v Mackey, 28 Misc 3d
137[A], 2010 NY Slip Op 51462[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2010]).
Accordingly, the judgments of conviction are affirmed.
RUDERMAN, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 21, 2021