# State of New York Court of Appeals

## MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 109  SSM 17
The People &c.,
          Appellant,
      v.
Michael Heiserman,
          Respondent.

Submitted by Jennifer M. Hollis, for appellant.
Submitted by G. Scott Walling, for respondent.

MEMORANDUM:

The order of the Appellate Division should be reversed and the case remitted to the

Appellate Division for consideration of the facts and issues raised but not determined on

the appeal to that Court.

Defendant was charged with assault in the second degree (Penal Law § 120.05 [7]) based on allegations that while being processed for an arrest at the Franklin County Jail, he struck a police sergeant. The People's witnesses testified at trial that after being frisked, defendant was directed to remove his footwear, a command given to all those in custody at the jail so that footwear could be searched for weapons and contraband. Defendant refused to remove his footwear despite multiple orders to do so. After the sergeant called for backup, he specifically warned defendant that he would pepper spray defendant if defendant did not remove his footwear. Defendant continued to refuse, and the sergeant sprayed him in the face. Five seconds after he was sprayed, defendant charged at the sergeant and punched him in the head, after which defendant was subdued by other officers. Video surveillance of the incident corroborated the testimony of the officers. Defendant was convicted as charged.

On appeal, the Appellate Division reversed, holding that the trial court erred in refusing to grant defendant's request for a justification charge (204 AD3d 1249 [3d Dept 2022]). The Appellate Division concluded that, viewing the evidence in the light most favorable to defendant, there was a "reasonable view of the evidence that the use of the pepper spray constituted excessive force in this scenario" (*id.* at 1251). Two Justices dissented, and a dissenting Justice granted the People leave to appeal to this Court.

"A trial court must charge the factfinder on the defense of justification 'whenever there is evidence to support it' " (*People v Petty*, 7 NY3d 277, 284 [2006], quoting *People v McManus*, 67 NY2d 541, 549 [1986]). The court must view the evidence in the light most favorable to the defendant, and if there is "any reasonable view of the evidence [that]

would permit the factfinder to conclude that the defendant's conduct was justified," the charge must be given (*Petty*, 7 NY3d at 284). "As a corollary, when no reasonable view of the evidence would support a finding of [justification], the court is under no obligation to submit the question to the jury" (*People v Watts*, 57 NY2d 299, 301 [1982]).

"[A] citizen may use reasonable force in self-defense where the force exerted by the police . . . is excessive" and therefore unlawful (*People v Stevenson*, 31 NY2d 108, 112 [1972]; *see* Penal Law § 35.15 [1]). Here, however, viewing the evidence in the light most favorable to defendant, there is no reasonable view of the evidence that the sergeant's use of pepper spray was excessive or otherwise unlawful. The trial evidence was that defendant was given a lawful command to remove his footwear, that he was given that verbal command several times yet persisted in his refusal, and that he was specifically warned that he would be pepper sprayed if he did not comply. The officers further testified that the use of pepper spray was considered a "minimal" use of force compared to using "hands on" force to remove the footwear. Defendant's contention that the force exerted was unlawful because the sergeant's use of pepper spray was inconsistent with facility policy is without merit. No reasonable factfinder could conclude on this record that defendant reasonably believed that the use of force was necessary to defend himself from the use of unlawful physical force (*see* Penal Law § 35.15; *cf. Stevenson*, 31 NY2d at 112-113).

On review of submissions pursuant to section 500.11 of the Rules, order reversed and case remitted to the Appellate Division, Third Department, for consideration of the facts and issues raised but not determined on appeal to that Court, in a memorandum. Acting Chief Judge Cannataro and Judges Rivera, Garcia, Wilson, Singas and Troutman concur.

Decided December 13, 2022